# EXHIBIT A

UNITED STATES DISTRICT COURT DISTRICT OF ARIZONA

### Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the District of Arizona.

**The completed cover sheet must be printed directly to PDF and filed as an attachment to the Complaint or Notice of Removal.**

| | |
|---|---|
| **Plaintiff**(s):    Wesley Forbach and Evenstar A. Forbach , ; | **Defendant**(s):    **Tyco Fire Produces, LP; Carrier Global Corporation , ; Matlick Enterprises, Inc. dba United Fire Equipment Company** |
| County of Residence: Coconino | County of Residence: Outside the State of Arizona |
| County Where Claim For Relief Arose: Coconino | |

Plaintiff's Atty(s):

**Lincoln Combs (Matthew Grosch; Shelagh Grosch) ,**
O'STEEN & HARRISON, PLC
300 W. Clarendon Ave., Suite 400
Phoenix, Arizona  85013
602-252-8888

Defendant's Atty(s):

**c/o Thomas P Burke , Attorney**
Udall Law Firm, LP
2198 E. Camelback Road Suite 375
Phoenix, AZ  85016
6022224848

**Scott F. Frerichs**
Jennings, Strouss & Salmon, P.C.
One East Washington Street, Suite 1900 Phoenix, Arizona  85004

**Miles Masog**
Resnick & Louis
8111 E. Indian Bend Road
Scottsdale, Arizona  85250

**IFP REQUESTED**

**REMOVAL FROM Coconino COUNTY, CASE #S-0300-CV-202100277**

<u>II. Basis of Jurisdiction</u>:                    **3. Federal Question (U.S. not a party)**

<u>III. Citizenship of Principal Parties</u>**(Diversity Cases Only)**

Plaintiff:-                                         **1 Citizen of This State**

Defendant:-                                        **5 Non AZ corp and Principal place of Business outside AZ**

<u>IV. Origin</u> :                                  **2. Removed From State Court**
<u>V. Nature of Suit</u>:                            **385 Property Damage Product Liability**

<u>VI.Cause of Action</u>:                          **Strict products liability-design defect and failure to warn, negligent failure to warn, negligent plan or design of product, and loss of consortium**

<u>VII. Requested in Complaint</u>:

Class Action:                                      **No**

Dollar Demand:

Jury Demand:                    **Yes**

<u>VIII. This case</u> **is not related** to another case.

**Signature:** <u>Thomas P. Burke, II</u>

    **Date:** <u>12/13/24</u>

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, save this form as a PDF and include it as an attachment to your case opening documents.

Revised: 01/2014

**SUPPLEMENTAL CIVIL COVER SHEET**
**FOR CASES REMOVED FROM ANOTHER JURISDICTION**

This form must be attached to the Civil Cover Sheet at the time
the case is filed in the United States District Clerk's Office

Additional sheets may be used as necessary.

1.    **Style of the Case:**
       Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and
       Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the
       attorney(s) of record for each party named and include their bar number, firm name, correct mailing
       address, and phone number (including area code).

| Party | Party Type | Attorney(s) |
|-------|-----------|-------------|
| Wesley Forbach and Evenstar A. Forbach | Plaintiffs | Lincoln Combs (025080)<br>O'STEEN & HARRISON, PLC<br>300 W. Clarendon Ave., Suite 400<br>Phoenix, Arizona 85013-3424 |
| Wesley Forbach and Evenstar A. Forbach | Plaintiffs | Kerry Miller (PHV)<br>Jason W. Burge<br>Danielle Teutonico<br>FISHMAN HAYGOOD LLP<br>201 St. Charles Ave., Floor 46<br>New Orleans, Louisiana 70170<br>504.586.5252 |
| Wesley Forbach and Evenstar A. Forbach | Plaintiffs | Paul J. Napoli (PHV)<br>NAPOLI SHKOLNIK NSPR LAW SERVICES, LLC<br>1302 Avenida Ponce de Leon<br>Santurce, Puerto Rico 00907<br>T: (787) 493-5088 |

2.    **Jury Demand:**
       Was a Jury Demand made in another jurisdiction?    Yes ⦿        No ◯
       If "Yes," by which party and on what date?

       Matlick Enterprises, Inc dba United Fire Equipment Company                    07/29/2001

3.    **Answer:**
       Was an Answer made in another jurisdiction?    Yes ◯        No ⦿
       If "Yes," by which party and on what date?

**4.**    **Served Parties:**

The following parties have been served at the time this case was removed:

| Party | Date Served | Method of Service |
|---|---|---|
| Chemguard, Inc., | N/A | |
| Perimeter Solutions | N/A | |
| Matlick Enterprises, Inc | 8/13/2021 | Wavier and Acceptance of Service |

**5.**    **Unserved Parties:**

The following parties have not been served at the time this case was removed:

| Party | Reason Not Served |
|---|---|
| | |
| | |
| | |

**6.**    **Nonsuited, Dismissed or Terminated Parties:**

Please indicate changes from the style of the papers from another jurisdiction and the reason for the change:

| Party | Reason for Change |
|---|---|
| | |
| | |
| | |

**7.**    **Claims of the Parties:**

The filing party submits the following summary of the remaining claims of each party in this litigation:

| Party | Claims |
|---|---|
| Plaintiffs | (1) Strict Products Liability-Design Defect and Failure to Warn;(2) Failure to Warn; (3) Negligent Plan or Product of Design; (4) Punitive Damages |
| Plaintiffs | (5) Loss of Consortium |
| | |

**Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served in another jurisdiction (State Court) shall be filed with this removal.**

1. **STYLE OF CASE** (continued)

| Party | Party Type | Attorney(s) |
|---|---|---|
| Tyco Fire Products LP | Defendant | Thomas P. Burke (009631)<br>Udall Law Firm, LLP<br>2198 E. Camelback Road<br>Suite 375<br>Phoenix, AZ  85016<br>602.222.4848 |
| Carrier Global Corporation | Defendant | Scott F. Frerichs<br>Jennings Strouss & Salmon<br>One E Washington, #1900<br>Phoenix, AZ 85250<br>480-425-2622 |
| Matlick Enterprises, Inc dba United Fire Equipment Company | Defendant | Miles Masog<br>RESNICK & LOUIS, P.C.<br>8111 E. Indian Bend Road<br>Scottsdale, AZ 85250<br>602.456.6776 |
|  |  |  |

**UDALL LAW FIRM, LLP**
**ATTORNEYS AT LAW**
**2198 E. CAMELBACK ROAD, SUITE 375**
**PHOENIX, AZ 85016**
**T (602) 222-4848**
**F (602) 222-4858**
tburke@udalllaw.com
minuteentries@udalllaw.com

Thomas P. Burke, II SBN 9631
Attorneys for Tyco Fire Products LP

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wesley Forbach and Evenstar A. Forbach, | NO. |
| Plaintiffs, | Coconino County Superior Court No. S-0300-CV-202100277 |
| vs. | |
| Tyco Fire Products, LP; Carrier Global Corporation, and Matlick Enterprises, Inc., d/b/a United Fire Equipment Company, | **DECLARATION OF THOMAS P. BURKE** |
| Defendants. | |

I, Thomas P. Burke, II, declare under penalty of perjury under the laws of the United States of America that the following statements are true and correct, to the best of my knowledge:

1.    I am an attorney of record for defendant Tyco Fire Products, LP in this case.

2.    As is required of me under LRCiv 3.6 (b)(10), I verify that, to the best of my knowledge and belief, defendant's Notice of Removal contains true and complete copies of all pleadings and other documents filed as of May 20, 2021 in the case of Wesley Forbach and Evenstar A. Forbach v. Tyco Fire Products, LP et al, Case No. S-0300-CV-202100277,

1  while the case was pending in the Superior Court of the State of Arizona, County of

2  Coconino.

3

4  DATED this 13th day of December, 2024

5

6

7  Thomas P. Burke, II.
   Attorney for Defendants

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UDALL LAW FIRM, LLP
2198 E. CAMELBACK ROAD, SUITE 375
PHOENIX, AZ 85016
T 602.222.4848

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
05/20/2021 3:28PM
BY: JDUTTON
DEPUTY

Case No.: S0300CV202100277
HON. TED REED

Person/Attorney Filing: Patrick J McGroder III
Mailing Address: 701 N. 44th St.
City, State, Zip Code: Phoenix, AZ 85008
Phone Number: (480)429-3004
E-Mail Address: p3@beusgilbert.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 002598, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF COCONINO

| | |
|---|---|
| Wesley Forbach, et al.<br>Plaintiff(s),<br>v.<br>Chemguard, Inc, et al.<br>Defendant(s). | Case No.<br><br>**CERTIFICATE OF<br>COMPULSORY ARBITRATION** |

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Coconino County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Patrick J McGroder III /s/
Plaintiff/Attorney for Plaintiff

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
05/20/2021 3:28PM
BY: JDUTTON
DEPUTY

Case No.: S0300CV202100277
HON. TED REED

**BEUS GILBERT MCGRODER PLLC**
ATTORNEYS AT LAW
701 NORTH 44TH STREET
PHOENIX, ARIZONA 85008
TELEPHONE (480) 429-3000

Patrick J. McGroder III (002598)
Patrick J. McGroder IV (030815)
p3@beusgilbert.com
pjmiv@beusgilbert.com

Kerry Miller, *pro hac pending*
Jason W. Burge, *pro hac pending*
Danielle Teutonico, *pro hac pending*
FISHMAN HAYGOOD LLP
201 St. Charles Ave., Floor 46
New Orleans, Louisiana 70170
Telephone: (504) 586-5252
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com

*Attorneys for Plaintiffs*

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF COCONINO

| | |
|---|---|
| WESLEY FORBACH and EVENSTAR A. FORBACH, individually, and as husband and wife, | No. |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| CHEMGUARD, INC.; A Wisconsin corporation; PERIMETER SOLUTIONS LP, a Delaware limited partnership; and MATLICK ENTERPRISES, INC., an Arizona corporation, | |
| Defendants. | |

For their Complaint against Defendants Chemguard, Inc. ("Chemguard"),

Perimeter Solutions, LP ("Perimeter"), and Matlick Enterprises, Inc., d/b/a United Fire

1    Equipment Company ("United Fire" and, collectively with Chemguard, and Perimeter,

2    "Defendants"), Plaintiffs Wesley Forbach and Evenstar A. Forbach ("Plaintiffs"),

3    through undersigned counsel, hereby allege, based upon information and belief, as

4    follows:

5                                    **INTRODUCTION**

6         1.      Plaintiff Wesley Forbach ("Wes") has been a firefighter for over thirteen

7    years. Throughout that period, he worked with aqueous film-forming foams ("AFFFs")

8    containing the toxic chemicals collectively known as per and polyfluoroalkyl substances

9    ("PFAS"). PFAS include, but are not limited to, perfluorooctanoic acid ("PFOA") and

10   perfluorooctane sulfonic acid ("PFOS") and related chemicals including those that

11   degrade to PFOA and/or PFOS.

12        2.      AFFFs are used by fire departments, including the departments where

13   Wes worked, to extinguish fires. Wes was exposed to AFFFs in training sessions, while

14   fighting fires, and, after a fire was extinguished, by "painting" rooms, which entails

15   coating every surface with a thick concentration of foam to prevent fires from

16   rekindling. Throughout his career, Wes had routine dermal exposure to AFFFs.

17        3.      Defendants designed, marketed, developed, manufactured, distributed,

18   released, trained users, produced instructional materials, promoted, sold, and/or

19   otherwise released into the stream of commerce AFFFs with knowledge that they

20   contained highly toxic PFAS, which would expose end users of the product to the risks

21   associated with PFAS. Each of the Defendants supplied AFFFs, either on a

22   manufacturer or distributor basis, to the Flagstaff Fire Department that employs Wes.

23        4.      PFAS accumulates in the blood and bodily tissues of humans exposed to

24   the material and persists for long periods of time. These are highly toxic and

25

2

carcinogenic chemicals. Defendants knew, or should have known, that PFAS present significant health risks to humans who are exposed to them.

5.      In his role as a firefighter, Wes used Defendants' AFFFs in their intended manner, without material change in the products' condition, and in a manner that Defendants were aware that firefighters like Wes would use the product. Wes was unaware of the toxic nature of the PFAS in AFFFs – indeed, Defendants represented that their foam products were as safe as dish soap.

6.      After more than a decade of exposure to AFFFs, Wes was diagnosed with testicular cancer. Wes' consumption, and/or dermal absorption of Defendants' AFFF products caused him to develop the serious medical conditions and complications alleged herein.

7.      Through this action, Wes and his wife, Evenstar, seek to recover for the permanent and significant damages sustained as a direct consequence of his exposure to Defendants' AFFF products during the course of Wes' training and firefighting activities.

## PARTIES, JURISDICTION, AND VENUE

8.      Plaintiffs are a married couple residing in Coconino County, Arizona.

9.      Defendant Chemguard, Inc. ("Chemguard") is a Wisconsin corporation and does business throughout the United States, including in Coconino County, Arizona. Chemguard designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, and/or sold AFFFs containing PFAS that are used in firefighting training and response exercises that are the subject of this Complaint.

10.     Defendant Perimeter Solutions, LP, as successor-in-interest to Auxquimia, S.A.U. ("Perimeter") is a Delaware limited partnership and does business throughout

the United States, including in Coconino County, Arizona. Perimeter designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, and/or sold AFFFs containing PFAS that are used in firefighting training and response exercises that are the subject of this Complaint.

11.     Defendant Matlick Enterprises, Inc., d/b/a United Fire Equipment Company ("United Fire"), is an Arizona corporation and does business throughout this state, including in Coconino County. United Fire marketed, distributed, and/or sold AFFFs containing PFAS that are used in firefighting training and response exercises that are the subject of this Complaint.

12.     Chemguard and Perimeter are hereafter referred to as the "Manufacturer Defendants."  United Fire are hereafter referred to as the "Distributor Defendant."

13.     Defendants have caused events to occur in Coconino County, Arizona, out of which all claims stated herein arise, and venue is proper in this Court pursuant to A.R.S. § 12-401.

14.     The amount in controversy exceeds the Court's minimum jurisdictional amount.

15.     The Court has jurisdiction of this action pursuant to Article VI, section 14 of the Arizona Constitution and A.R.S. § 12-123.

## **GENERAL ALLEGATIONS**

16.     Aqueous Film-Forming Foam ("AFFF") is a combination of chemicals used to extinguish fires.

17.     AFFF has better firefighting capabilities than water because of its unique properties, which extinguish fires by smothering them, ultimately starving them of oxygen.

4

18. AFFFs can be used to fight fires directly in conjunction with or in place of water, or they can be used to insulate premises that were previously on fire, to prevent fire from reigniting.

19. AFFF was introduced commercially in the mid-1960s and rapidly became the primary firefighting foam in the United States and other parts of the world. AFFF contains PFAS, which are highly fluorinated synthetical chemical compounds whose family includes PFOS and PFOA.

20. PFAS have been used for decades in the manufacture of AFFF. PFAS chemicals are entirely manmade and do not naturally occur.

21. Prior to commercial development and large-scale manufacture and use of AFFF containing PFAS, no such PFAS had been found or detected in humans.

22. AFFF and PFAS are associated with various adverse health effects in humans.

23. Exposure to AFFF has been linked to serious medical conditions including, but not limited to, kidney cancer, testicular cancer, testicular tumors, pancreatic cancer, prostate cancer, leukemia, lymphoma, bladder cancer, thyroid disease, and infertility.

24. In the 1960s, studies by PFAS manufacturers raised concerns about the health risks caused by these substances.[1]

25. By the 1970s, animal studies of PFAS revealed immunotoxicity and other adverse effects.

26. By the 1980s, studies by PFAS manufacturers reported immunotoxicity and carcinogenicity effects caused by PFAS.

---

[1] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6172956/

5

27.    By the 1990s, certain PFAS manufacturers began monitoring the levels of PFAS in the blood serum of their workers. Studies began showing an excess occurrence of prostate cancer in individuals exposed to PFAS.

28.    By at least 2010, additional research and testing performed by certain PFAS manufacturers revealed multiple potential adverse health impacts among workers exposed to PFAS, such as increased cancer incidence, hormone changes, lipid changes, and thyroid and liver impacts.

29.    After the USEPA and other entities began asking manufacturers to stop manufacturing and/or using certain PFAS, Defendants began manufacturing and/or distributing more of certain other and/or "new" PFAS, including so-called "Short-Chain PFAS."

30.    Defendants manufacturing and/or distributing Short-Chain PFAS are aware that Short-Chain PFAS have also been found in human blood. By the mid-2010s, manufacturers were aware that certain Short-Chain PFAS have been found to cause the same triad of tumors (testicular, liver, and pancreatic) in animals as non-Short-Chain PFAS.

31.    Moreover, by the early 2010s, research on Short-Chain PFAS suggested that the technical performance of these Short-Chain PFAS is lower, requiring larger quantities and/or more substances to be used to provide the same performance, leading to the same aggregate exposure for affected humans.

32.    Nonetheless, Defendants each downplayed the risks of AFFFs containing PFAS to firefighters like Wesley Forbach. Defendant Chemguard, for instance, represented that its AFFFs were "not a carcinogen," and that skin exposure caused only a "minimal irritant."  Defendant Perimeter Solutions represented that skin contact was "no more than slightly toxic."

6

33.    Even after an independent science panel, known as the "C8 Science Panel," announced in the 2010s that human exposure to PFAS were associated with certain human diseases, including kidney and testicular cancer,[2] Defendants continued to downplay the risk of AFFFs.

34.    At all relevant times, Manufacturer Defendants, through their acts and omissions, concealed and/or withheld information from their customers, governmental entities, and the public that would have properly and fully alerted Plaintiff to the risks of exposure to AFFFs containing PFAS.

35.    At all relevant times, Defendants encouraged continued and increased use of PFAS by their customers and others and tried to encourage and foster the increased and further use of PFAS through the promotion of AFFFs to fire departments, including the fire department where Wesley Forbach works, while downplaying the risks.

36.    At all relevant times, Manufacturer Defendants were and/or should have been aware, or knew and/or should have known, that their design, marketing, development, manufacture, distribution, release, training and response of users, production of instructional materials and/or sale of AFFFs containing PFAS would result in the contamination of the blood and/or body of Wesley Forbach with PFAS, causing injury, irreparable harm, and/or unacceptable risk of such injury and/or irreparable harm to Wesley Forbach.

**Defendants' AFFFs were used by the Flagstaff Fire Department**

37.    Defendants designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, and/or sold AFFFs containing

---

[2] https://ehp.niehs.nih.gov/doi/pdf/10.1289/ehp.1306615

toxic PFAS that were used by fire departments around the country, including county and municipal firefighting departments.

38.    Defendants each designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, and/or sold AFFFs containing PFAS in such a way as to cause the exposure to and ultimate contamination of Wesley Forbach's blood and body with PFAS, resulting in persistence and accumulation of PFAS in his blood and body.

39.    Each of the Defendants manufactured, sold, and/or distributed AFFFs to the Flagstaff Fire Department, thereby causing the contamination of the blood and/or body of Wesley Forbach with PFAS.

40.    Chemguard manufactured and/or sold AFFFs, including Chemguard Directattack Class A Foam and Class A Plus Foam to Flagstaff Fire Department, based upon information and belief, during all relevant time periods. Chemguard's AFFFs were used by firefighters in the Flagstaff Fire Department, including Wesley Forbach, in their ordinary course of firefighting activities and in the manner in which these AFFFs were expected to be used by Chemguard, thereby exposing Wesley Forbach to PFAS.

41.    Perimeter manufactured and/or sold AFFFs, including Phos-Chek first Response Foam to the Flagstaff Fire Department, based upon information and belief, during all relevant time periods. Perimeter's AFFFs were used by firefighters in the Flagstaff Fire Department, including Wesley Forbach, in their ordinary course of firefighting activities and in the manner in which these AFFFs were expected to be used by Chemguard, thereby exposing Wesley Forbach to PFAS.

42.    United Fire distributed AFFFs to the Flagstaff Fire Department, based upon information and belief, during all relevant time periods. AFFFs distributed by United Fire were used by firefighters in the Flagstaff Fire Department, including

8

Wesley Forbach, in their ordinary course of firefighting activities and in the manner in which these AFFFs were expected to be used by United Fire, thereby exposing Wesley Forbach to PFAS.

**The Plaintiff's exposure to Defendants' AFFFs**

43.    Wesley Forbach and his wife, Evenstar A. Forbach, have been happily married since August 2004.

44.    Wesley Forbach began his fire service career in 2007, with the Flagstaff Fire Department, serving the City of Flagstaff, Arizona.

45.    Wes was first exposed to AFFFs in the Flagstaff Fire Department academy, where he trained with Class A and B firefighting foams. During training, it was common to have AFFFs on his body from head to toe, and it was common to have direct skin contact with AFFFs while cleaning up after drills. At the time, he was led to believe that the foam was generally inert and provided no hazard to his health. After his training, in service as a firefighter, Wes was exposed to AFFFs while spraying foam during firefighting operations.

46.    Wes' responsibilities included driving, pumping, and maintaining the fire truck, which included pumping AFFFs, cleaning AFFFs out of the firefighting equipment, and adding new foam as needed. While operating and cleaning equipment using foam, he was never given any instruction from the manufacturers of distributors to avoid contact with AFFFs, or that the materials were otherwise harmful. In fact, Wes was told that AFFF was simply extra concentrated dish soap and posed no health threats.

47.    Firefighters who regularly expect to fight aircraft fires obtain an Aircraft Rescue Firefighting ("ARF") certification. Wes is not, and never was, ARF certified. He has never fought an aircraft fire.

48.    Over the course of thirteen years as a firefighter with the Flagstaff Fire Department, from 2007 to the present, Wesley Forbach routinely used, handled, and came in direct contact with AFFFs containing PFOA produced, manufactured, sold, and/or distributed by the Defendants. His exposure to these products was in the ordinary course of his firefighting activities, and was in the standard way that Defendants anticipated that these products would be used and handled.

49.    In 2001, prior to his exposure to any AFFF foam, Wes was diagnosed with testicular cancer, at the age of 17 and underwent an orchiectomy.

50.    After over a decade of exposure to AFFF foams, Wesley Forbach was diagnosed again with testicular cancer, with a significant tumor. His doctor told him that it was extremely uncommon for a man to get testicular cancer twice in his lifetime. He is not and has never been a smoker. Among other medical treatments, he underwent an orchiectomy and chemotherapy. His medical treatments continue to this day.

## FIRST CLAIM FOR RELIEF

### (Strict Products Liability-Design Defect and Failure to Warn against All Defendants)

51.    Plaintiffs incorporate the allegations contained in Paragraphs 1 through 50 of this Complaint as if they were fully set forth herein.

52.    Upon information and belief, Defendants are the manufacturers and/or distributors of the AFFFs containing PFAS to which Wesley Forbach was exposed.

53.    Defendants are each the sellers of the AFFFs containing PFAS to which Wesley Forbach was exposed. Defendants sell AFFFs in the ordinary course of their business.

54.    The use of the AFFFs in training activities and routine firefighting activities was the purpose for which the AFFFs were intended and was reasonably

10

foreseeable by Defendants. The AFFFs were used in substantially the same condition in which they were sold.

55.    A reasonable firefighter would not expect the AFFFs used in training activities and routine firefighting activities to expose him to a known carcinogen.

56.    AFFFs failed to perform as safely as an ordinary firefighter would expect when the AFFFs were used in the reasonably foreseeable manner of routine firefighting activities.

57.    Defendants designed an unreasonably harmful product that was inherently defective in that it contained known carcinogens.

58.    Defendants had full knowledge that AFFFs contained known carcinogens and failed to warn Plaintiffs of the unreasonably dangerous risks.

59.    Wesley Forbach has suffered lasting and ongoing personal injuries resulting from the defective and unreasonably dangerous nature of the product caused by its defective design.

60.    Wesley Forbach was a healthy middle-aged man who had fully recovered from testicular cancer, making his likelihood of developing the disease a second time quite low.

61.    As a direct and proximate result of the foregoing, Plaintiffs have been damaged, both via personal injuries and through loss of consortium, in an amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**

**(Negligent Failure to Warn Against Manufacturing Defendants)**

62.    Plaintiffs incorporate the allegations contained in paragraphs 1 through 61 of this Complaint as if they were fully set forth herein.

11

63.     Manufacturing Defendants knew, through internal and external research, that AFFFs were likely dangerous when used in training activities and routine firefighting activities.

64.     Manufacturing Defendants had no reason to believe that Plaintiffs would realize the danger of AFFFs, including their carcinogenic effects.

65.     Manufacturing Defendants failed to exercise reasonable care to inform Plaintiffs of AFFFs dangers or of the facts which make it likely to be dangerous.

66.     Because of Defendants' failure to warn Plaintiffs about the dangers of AFFFs, Plaintiffs suffered personal injuries.

## THIRD CLAIM FOR RELIEF

### (Negligent Plan or Design of Product Against All Defendants)

67.     Plaintiffs incorporate the allegations contained in paragraphs 1 through 66 of this Complaint as if they were fully set forth herein.

68.     AFFFs, products designed by Defendants, are dangerous for use in training activities and routine firefighting activities, which is the intended use of AFFFs.

69.     Defendants failed to exercise reasonable care in continuing to design and failing to re-design AFFFs which contain dangerous carcinogens.

70.     Because of Defendants' defective design of AFFFs Plaintiffs suffered personal injuries.

## FOURTH CLAIM FOR RELIEF

### (Punitive Damages against Chemguard and Perimeter Solutions)

71.     Plaintiffs incorporate the allegations contained in paragraphs 1 through 70 of this Complaint as if they were fully set forth herein.

72.    Upon information and belief, Defendants Chemguard and Perimeter Solutions (the "Manufacturer Defendants") first started manufacturing, marketing, and selling AFFFs many years ago.

73.    Over the ensuing years, the Manufacturer Defendants either knew or should have known that an increasing volume of industry research demonstrated that AFFFs cause serious medical effects in humans who are exposed to them dermally, including tissue cancers such as testicular cancer. Throughout that period, and up to the present, the Manufacturer Defendants have never warned firefighters or the broader public of the known health risks of AFFFs.

74.    The Manufacturer Defendants had obligations under various laws, including but not limited to 15 U.S.C. § 2607(3), to disclose to various government agencies the health risks of AFFFs containing PFAS, including in particular the carcinogenic effects of these products of which the Manufacturer Defendants were aware. Nonetheless, the Manufacturer Defendants intentionally withheld from applicable government agencies their knowledge of the hazardous health effects AFFFs can cause to fire fighters like Wesley Forbach.

75.    The Manufacturer Defendants consciously pursued this course of conduct – the manufacture, marketing, and sale of a deficient and dangerous product with no representation to expected users of this known danger – in order to serve their own profit motives.

76.    The Manufacturer Defendants pursued the actions set forth above despite their knowledge of the substantial risk that AFFFs posed to firefighters like Wesley Forbach.

77.    The Manufacturer Defendants acted with an evil mind, meriting an award of punitive damages in an amount to be proven at trial.

## **FIFTH CLAIM FOR RELIEF**

### **(Loss of Consortium)**

78. Plaintiffs incorporate the allegations contained in paragraphs 1 through 77 of this Complaint as if they were fully set forth herein.

79. Evenstar A. Forbach is and was at all times relevant to this action, the legal spouse of Wesley Forbach, and they have at all times relevant to this action, lived together as husband and wife.

80. As a proximate result of the personal injuries suffered by Wesley Forbach, as described in this complaint, Evenstar A. Forbach has been deprived of the benefits of their marriage including his love, affection, society, and consortium, and other husbandly duties and actions. Wesley Forbach provided Evenstar A. Forbach with all of the benefits of a marriage between husband and wife, prior to his exposure to Defendants' hazardous AFFFs and the resulting injuries described herein.

81. Evenstar A. Forbach has also incurred the costs and expenses related to the medical care, treatment, medications, and hospitalization to which Wesley Forbach was subjected for the physical injuries he suffered as a proximate result of his use of the Defendants AFFFs. Evenstar A. Forbach will continue to incur the future costs and expenses related to the care, treatment, medications, and hospitalization of Wesley Forbach due to his injuries from exposure to Defendants' hazardous AFFFs.

82. Evenstar A. Forbach has suffered loss of consortium, as described herein, including the past, present, and future loss of her husband's companionship, services, society, and the ability of Wesley Forbach to provide Evenstar A. Forbach with the benefits of marriage, all of which has resulted in her pain, suffering, and mental and emotional distress and worry.

1

**RULE 26.2 TIER ALLEGATION**

2          Due to Plaintiffs' extensive medical bills, ongoing treatment, and losses,

3    Plaintiffs are entitled to damages at a Tier 3 level within the criteria of Rule 26.2(c)(3).

4          **WHEREFORE**, Plaintiffs Wesley and Evenstar A. Forbach hereby request that

5    the Court enter judgment against all Defendants as follows:

6          a.          For general, consequential, special, and compensatory damages, including

7    but not limited to pain and suffering, mental anguish, lost wages, lost future income, and

8    loss of consortium;

9          b.          For Plaintiffs' costs and other expenses incurred in this action; and

10          c.          Such other and further relief as the Court deems just.

11          **WHEREFORE**, Plaintiffs Wesley and Evenstar A. Forbach hereby request that

12    the Court additionally enter judgment against the Manufacturer Defendants as follows:

13          a.          For punitive damages.

14          DATED this 20th day of May, 2021.

15                                                  **BEUS GILBERT MCGRODER PLLC**

16

17                                                  By */s/ Patrick J. McGroder III*
                                                       Patrick J. McGroder III
18                                                     Patrick J. McGroder IV

19                                                  **FISHMAN HAYGOOD LLP**

20                                                     Kerry J. Miller
                                                       Jason W. Burge
21                                                     Danielle Teutonico

22                                                     *Attorneys for Plaintiffs*

23

24

25

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
07/29/2021 3:41PM
BY: SCALANDRA
DEPUTY

1    **RESNICK & LOUIS, P.C.**
2    Sharon A. Briggs, Esq., SBN 023119
     8111 E. Indian Bend Road
3    Scottsdale, Arizona 85250
     Telephone:  (602) 456-6776
4    Facsimile:  (602) 456-6256
5    Email:      sbriggs@rlattorneys.com

6    *Attorney for Defendant Matlick Enterprises, Inc.*

7
                **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
8
                    **IN AND FOR THE COUNTY OF COCONINO**
9

10   WESLEY FORBACH and EVENSTAR A.        Case No. S0300CV202100277
     FORBACH, individually, and as husband and
11   wife,                                 **DEFENDANT MATLICK**
                                           **ENTERPRISES, INC.S DEMAND**
12                  Plaintiff,             **FOR JURY TRIAL**
13   v.

14   CHEMGUARD, INC.; A Wisconsin
15   corporation; PERIMETER SOLUTIONS LP,
     A Delaware limited partnership; and
16   MATLICK ENTERPRISES, INC., an Arizona
17   corporation,

18                  Defendants.

19

20       Pursuant to Rule 38(b), Ariz. R. Civ. P., Defendant MATLICK ENTERPRISES,

21   INC., demands a jury trial on all issues in the above-entitled action.

22       **DATED** this 29th day of July, 2021.
23
                                    **RESNICK & LOUIS, P.C.**
24
                            By:     */s/ Sharon A. Briggs*
25                                  Sharon A. Briggs, Esq.
26                                  8111 E. Indian Bend Road
                                    Scottsdale, Arizona 85250
27                                  *Attorney for Defendant Matlick Enterprises,*
                                    *Inc.*
28

                                         1

**ORIGINAL** of the foregoing
e-filed via TurboCourt this 29th
day of July, 2021, with:

Clerk of the Court
Coconino County Superior Court

**COPY** mailed/e-mailed
this same date to:

Patrick J. McGroder, III, Esq.
BEUS GILBERT McGRODER, PLLC
701 N. 44th Street
Phoenix, AZ 85008
p3@beusgilbert.com
pjmiv@beusgilbert.com
*Attorneys for Plaintiff*

Kerry Miller, Esq.
FISHMAN HAYGOOD, LLP
201 St. Charles Ave., Floor 46
New Orleans, LA 70170
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhyagood.com
*Co-Counsel for Plaintiff*


By:     */s/ LaWanda Brice*
        LaWanda Brice
        An Employee of Resnick & Louis, P.C.

2

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
07/29/2021 3:41PM
BY: SCALANDRA
DEPUTY

1
2
3
4
5
6
7
8
9

**RESNICK & LOUIS, P.C.**
Sharon A. Briggs, Esq., SBN 023119
8111 E. Indian Bend Road
Scottsdale, Arizona 85250
Telephone: (602) 456-6776
Facsimile:  (602) 456-6256
Email:     sbriggs@rlattorneys.com

*Attorney for Defendant Matlick Enterprises, Inc.*

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF COCONINO

| | |
|---|---|
| WESLEY FORBACH and EVENSTAR A. FORBACH, individually, and as husband and wife, <br><br> Plaintiff, <br><br> v. <br><br> CHEMGUARD, INC.; A Wisconsin corporation; PERIMETER SOLUTIONS LP, A Delaware limited partnership; and MATLICK ENTERPRISES, INC., an Arizona corporation, <br><br> Defendants. | Case No. S0300CV202100277 <br><br> **DEFENDANT MATLICK ENTERPRISES, INC.S CERTIFICATE REGARDING COMPULSORY ARBITRATION** |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The undersigned files this Certificate Regarding Compulsory Arbitration and states, pursuant to Rules 72 through 76 of the Arizona Rules of Civil Procedure that Defendant chooses not to contest Plaintiff's assertion that this case is not subject to compulsory arbitration.

/ / /

1

**DATED** this 29th day of July, 2021.

RESNICK & LOUIS, P.C.

By:     /s/ Sharon A. Briggs
Sharon A. Briggs, Esq.
8111 E. Indian Bend Road
Scottsdale, Arizona 85250
*Attorney for Defendant Matlick Enterprises,*
*Inc.*

**ORIGINAL** of the foregoing
e-filed via TurboCourt this 29th
day of July, 2021, with:

Clerk of the Court
Coconino County Superior Court

**COPY** mailed/e-mailed
this same date to:

Patrick J. McGroder, III, Esq.
BEUS GILBERT McGRODER, PLLC
701 N. 44th Street
Phoenix, AZ 85008
p3@beusgilbert.com
pjmiv@beusgilbert.com
*Attorneys for Plaintiff*

Kerry Miller, Esq.
FISHMAN HAYGOOD, LLP
201 St. Charles Ave., Floor 46
New Orleans, LA 70170
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhyagood.com
*Co-Counsel for Plaintiff*

By:     /s/ LaWanda Brice
LaWanda Brice
An Employee of Resnick & Louis, P.C.

2

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
07/29/2021  3:41PM
BY: SCALANDRA
DEPUTY

**RESNICK & LOUIS, P.C.**
Sharon A. Briggs, Esq., SBN 023119
8111 E. Indian Bend Road
Scottsdale, Arizona 85250
Telephone: (602) 456-6776
Facsimile:  (602) 456-6256
Email:    sbriggs@rlattorneys.com

*Attorney for Defendant Matlick Enterprises, Inc.*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF COCONINO

| | |
|---|---|
| WESLEY FORBACH and EVENSTAR A. FORBACH, individually, and as husband and wife,<br><br>Plaintiff,<br><br>v.<br><br>CHEMGUARD, INC.; A Wisconsin corporation; PERIMETER SOLUTIONS LP, A Delaware limited partnership; and MATLICK ENTERPRISES, INC., an Arizona corporation,<br><br>Defendants. | Case No. S0300CV202100277<br><br>**DEFENDANT MATLICK ENTERPRISES, INC.'S ANSWER TO COMPLAINT** |

COMES NOW Defendant Matlick Enterprises, Inc. (hereinafter "Matlick"), through undersigned counsel, and hereby submits its Answer to Plaintiffs' Complaint as follows. Matlick denies each and every allegation of the Complaint not expressly admitted or qualified herein.

1.      Answering Paragraph 1 of the Complaint, Matlick is without sufficient information to form a belief regarding the truth or falsity of the allegations therein and, therefore, denies the same.

2.     Answering Paragraph 2 of the Complaint, Matlick is without sufficient information to form a belief regarding the truth or falsity of the allegations therein and, therefore, denies the same.

3.     Answering Paragraph 3 of the Complaint, Matlick denies the allegations of this paragraph as to itself; with respect to other defendants, Matlick is without sufficient information to form a belief regarding the truth or falsity of the allegations therein and, therefore, denies the same.

4.     Answering Paragraph 4 of the Complaint, Matlick is without sufficient information to form a belief regarding the truth or falsity of the allegations therein and, therefore, denies the same.

5.     Answering Paragraph 5 of the Complaint, Matlick is without sufficient information to form a belief regarding the truth or falsity of the allegations therein and, therefore, denies the same.

6.     Answering Paragraphs 6, 7 and 8 of the Complaint, Matlick is without sufficient information to form a belief regarding the truth or falsity of the allegations therein and, therefore, denies the same.

7.     Answering Paragraphs 9 and 10 of the Complaint, Matlick does not believe that the allegations of these paragraphs pertain to it and thus no response would be required of it. To the extent that the Court would deem a response to the allegations of these paragraphs is necessary, Matlick is without sufficient information to form a belief regarding the truth or falsity of the allegations therein and, therefore, denies the same.

8.    Answering Paragraph 11 of the Complaint, Matlick admits that it is an Arizona corporation doing business throughout Arizona, including Coconino County, and denies the remaining allegations of this paragraph.

9.    Answering Paragraph 12 of the Complaint, Matlick asserts that this paragraph contains only statements of counsel to which no response would be required.

10.    Answering Paragraph 13 of the Complaint, Matlick admits that venue is proper in this court and denies the remaining allegations of this paragraph.

11.    Matlick admits the allegations of Paragraphs 14 and 15 of the Complaint upon information and belief.

12.    Answering Paragraphs 16 through 30, inclusive, of the Complaint, Matlick is without sufficient information to form a belief regarding the truth or falsity of the allegations therein and, therefore, denies the same.

13.    Answering Paragraphs 31, 32 and 33 of the Complaint, Matlick denies the allegations therein as to itself. With respect to the other defendants, Matlick is without sufficient information to form a belief regarding the truth or falsity of the allegations therein and, therefore, denies the same.

14.    Answering Paragraph 34 of the Complaint, Matlick does not believe that the allegations of these paragraphs pertain to it and thus no response would be required of it. To the extent that the Court would deem a response to the allegations of these paragraphs necessary, Matlick is without sufficient information to form a belief regarding the truth or falsity of the allegations therein and, therefore, denies the same.

15.     Answering Paragraph 35 of the Complaint, Matlick denies the allegations therein as to itself. With respect to the other defendants, Matlick is without sufficient information to form a belief regarding the truth or falsity of the allegations therein and, therefore, denies the same.

16.     Answering Paragraph 36 of the Complaint, Matlick does not believe that the allegations of these paragraphs pertain to it and thus no response would be required of it. To the extent that the Court would deem a response to the allegations of these paragraphs necessary, Matlick is without sufficient information to form a belief regarding the truth or falsity of the allegations therein and, therefore, denies the same.

17.     Answering Paragraphs 37 and 38 of the Complaint, Matlick denies the allegations therein as to itself and avers that it did not sell AFFFs manufactured by these Manufacturer Defendants to the Flagstaff Fire Department during the relevant time frame. Matlick asserts that it sold only Class A foam manufactured by Chemguard, Inc., to the Flagstaff Fire Department during the relevant time frame. With respect to the remaining allegations of this paragraph with respect to the other defendants, Matlick is without sufficient information to form a belief regarding the truth or falsity of the allegations therein and, therefore, denies the same.

18.     Matlick denies the allegations of Paragraph 39 of the Complaint as to itself. With respect to the remaining allegations of this paragraph with respect to the other defendants, Matlick is without sufficient information to form a belief regarding the truth or falsity of the allegations therein and, therefore, denies the same.

4

19.    Answering Paragraphs 40 and 41 of the Complaint, Matlick does not believe that the allegations of these paragraphs pertain to it and thus no response would be required of it. To the extent that the Court would deem a response to the allegations of these paragraphs necessary, Matlick is without sufficient information to form a belief regarding the truth or falsity of the allegations therein and, therefore, denies the same.

20.    Answering Paragraph 42 of the Complaint, Matlick asserts that its records reflect a single sale of AFFFs to the Flagstaff Fire Department in 2012. With respect to the remaining allegations of this paragraph, Matlick is without sufficient information to form a belief regarding the truth or falsity of the allegations therein and, therefore, denies the same.

21.    Answering Paragraphs 43 through 50, inclusive, of the Complaint, Matlick is without sufficient information to form a belief regarding the truth or falsity of the allegations therein and, therefore, denies the same.

22.     Answering Paragraph 51 of the Complaint, Matlick incorporates as though set forth fully herein its responses to the allegations of Paragraphs 1 through 50.

23.    Answering Paragraph 52 of the Complaint Matlick asserts that its records reflect a single sale of AFFFs to the Flagstaff Fire Department in 2012. With respect to the remaining allegations of this paragraph, Matlick is without sufficient information to form a belief regarding the truth or falsity of the allegations therein and, therefore, denies the same.

24.    Answering Paragraph 53 of the Complaint, Matlick admits that it sells AFFFs in the ordinary course of its business and denies the remaining allegations of this paragraph.

25.     Answering Paragraph 54 of the Complaint, Matlick is without sufficient information to form a belief regarding the truth or falsity of the allegations therein and, therefore, denies the same.

26.     Answering Paragraphs 55 and 56 of the Complaint, the allegations therein call for a legal conclusion, and therefore do not require an answer. However, to the extent that an answer is required, Matlick denies said allegations.

27.     Answering Paragraphs 57 and 58 of the Complaint, Matlick denies the allegations therein as to itself. With respect to the other defendants, Matlick is without sufficient information to form a belief regarding the truth or falsity of the allegations therein and, therefore, denies the same.

28.     Answering Paragraphs 59, 60 and 61 of the Complaint, Matlick is without sufficient information to form a belief regarding the truth or falsity of the allegations therein and, therefore, denies the same.

29.     Answering Paragraph 62 of the Complaint, Matlick incorporates as though set forth fully herein its responses to the allegations of Paragraphs 1 through 61.

30.     Answering Paragraphs 63, 64, 65 and 66 of the Complaint, Matlick does not believe that the allegations of these paragraphs pertain to it and thus no response would be required of it. To the extent that the Court would deem a response to the allegations of these paragraphs necessary, Matlick is without sufficient information to form a belief regarding the truth or falsity of the allegations therein and, therefore, denies the same.

31.     Answering Paragraph 67 of the Complaint, Matlick incorporates as though set forth fully herein its responses to the allegations of Paragraphs 1 through 66.

32.     Answering Paragraphs 68, 69 and 70 of the Complaint, Matlick denies the allegations therein as to itself. With respect to the other defendants, Matlick is without sufficient information to form a belief regarding the truth or falsity of the allegations therein and, therefore, denies the same.

33.     Answering Paragraph 71 of the Complaint, Matlick incorporates as though set forth fully herein its responses to the allegations of Paragraphs 1 through 70.

34.     Answering Paragraphs 72 through 77, inclusive, of the Complaint, Matlick does not believe that the allegations of these paragraphs pertain to it and thus no response would be required of it. To the extent that the Court would deem a response to the allegations of these paragraphs necessary, Matlick is without sufficient information to form a belief regarding the truth or falsity of the allegations therein and, therefore, denies the same.

35.     Answering Paragraph 78 of the Complaint, Matlick incorporates as though set forth fully herein its responses to the allegations of Paragraphs 1 through 77.

36.     Answering Paragraphs 79, 80, 81 and 82 of the Complaint, Matlick is without sufficient information to form a belief regarding the truth or falsity of the allegations therein and, therefore, denies the same.

## **AFFIRMATIVE DEFENSES**

Matlick asserts the following affirmative defenses to Plaintiffs' claims:

A.    Plaintiffs have not sufficiently identified who supplied the product that is alleged to have injured them;

B.    Plaintiffs cannot prove that Matlick either sold or distributed the product that is alleged to have injured them;

C.    Plaintiffs' claims may be time-barred by the applicable statute of limitations;

D.    Plaintiff Wesley Forbach and/or his employer misused the product in an unforeseeable way, and that misuse of the product caused the injuries alleged;

E.    The damages claimed by Plaintiffs were caused by other parties over which Matlick had no control or right of control;

F.    Plaintiffs lack evidence to prove that any product sold by Matlick caused their claimed injuries;

G.    Any alleged damages sustained by Plaintiffs were not proximately caused by Matlick.

H.    As to Matlick, Plaintiffs lack evidence of an "evil hand" guided by and "evil mind" necessary for the imposition of punitive damages under Arizona law.

I.    As to punitive damages, the amount that may be awarded is limited by the United States Constitution.

J.    Although Matlick does not presently have specific facts in support of additional affirmative defenses, it wishes to put counsel for Plaintiffs upon notice that they may assert any and all affirmative defenses which, through subsequent discovery may, indeed, be supported by the facts.

WHEREFORE, having fully answered the allegations of the Complaint, Matlick prays:

A.      that the Complaint be dismissed with prejudice, and that Plaintiffs take nothing thereby;

B.      that it be awarded its attorneys' fees;

C.      that it be awarded its costs for this lawsuit; and

D.      for such other and further relief as this Court deems just and proper.

**DATED** this 29th day of July, 2021.

                                                            **RESNICK & LOUIS, P.C.**

                                        By:     */s/ Sharon A. Briggs*
                                                Sharon A. Briggs, Esq.
                                                8111 E. Indian Bend Road
                                                Scottsdale, Arizona 85250
                                                *Attorney for Defendant Matlick Enterprises,*
                                                *Inc.*

**ORIGINAL** of the foregoing
e-filed via TurboCourt this 29th
day of July, 2021, with:

Clerk of the Court
Coconino County Superior Court

**COPY** mailed/e-mailed
this same date to:

Patrick J. McGroder, III, Esq.
Patrick J. McGroder, IV, Esq.
BEUS GILBERT McGRODER, PLLC
701 N. 44th Street
Phoenix, AZ 85008
p3@beusgilbert.com
pjmiv@beusgilbert.com
*Attorneys for Plaintiff*

9

Kerry Miller, Esq.
Jason W. Burge, Esq.
Danielle Teutonico, Esq.
FISHMAN HAYGOOD, LLP
201 St. Charles Ave., Floor 46
New Orleans, LA 70170
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhyagood.com
*Co-Counsel for Plaintiff*

By:     */s/ LaWanda Brice*
        LaWanda Brice
        An Employee of Resnick & Louis, P.C.

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
08/13/2021 12:43PM
BY: LECLARK
DEPUTY

1

**BEUS GILBERT MCGRODER PLLC**
ATTORNEYS AT LAW

2         701 NORTH 44TH STREET
          PHOENIX, ARIZONA 85008
3         TELEPHONE (480) 429-3000

4    Patrick J. McGroder III (002598)
     Patrick J. McGroder IV (030815)
5    p3@beusgilbert.com
     pjmiv@beusgilbert.com
6
     Kerry Miller, *pro hac pending*
7    Jason W. Burge, *pro hac pending*
     Danielle Teutonico, *pro hac pending*
8    FISHMAN HAYGOOD LLP
     201 St. Charles Ave., Floor 46
9    New Orleans, Louisiana 70170
     Telephone: (504) 586-5252
10   kmiller@fishmanhaygood.com
     jburge@fishmanhaygood.com
11   dteutonico@fishmanhaygood.com
12
     *Attorneys for Plaintiffs*
13
              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
14
                 **IN AND FOR THE COUNTY OF COCONINO**
15

16   WESLEY FORBACH and EVENSTAR A.
     FORBACH, individually, and as husband and         No. S0300CV2021-100277
17   wife;

18                    Plaintiffs,

                                                        **WAIVER AND ACCEPTANCE OF**
19   v.                                                 **SERVICE**

20   CHEMGUARD, INC.; A Wisconsin corporation;
21   PERIMETER SOLUTIONS LP, a Delaware
     limited partnership; and MATLICK
22   ENTERPRISES, INC. an Arizona corporation,

23                    Defendants.

24

25

1

2      Pursuant to Ariz. R. Civ. P. 4(f)(2), Lukas Landolt, as counsel for Defendant Chemguard,

3  Inc., hereby accepts service of the Summons, Complaint and Certificate of Arbitration in the

4  above-referenced matter on Chemguard, Inc.'s behalf.

5      Mr. Landolt further acknowledges that his acceptance shall have the same effect as though

   the documents were personally served on Defendant Chemguard, Inc.

6      This acceptance shall not constitute a waiver of any of Defendant Chemguard, Inc.'s

7  defenses or rights to object to the substance of the Complaint.

8

9      DATED this ___ day of _August_, 2021.

10                                         QUARLES & BRADY, LLP

11

12                                         By: _____
                                           Lukas Landolt
13                                         Renaissance One
                                           Two North Central Ave.
14                                         Phoenix, AZ 85004
                                           Attorney for Defendant Chemguard,
15                                         Inc.

16

17  The foregoing E-filed and COPY
    of the foregoing delivered "via eFiling system"
18  this 13th day of August, 2021, to:

19  Honorable Valerie Wyant
    Clerk of the Superior Court
20  200 N San Francisco
    Flagstaff, AZ 86001
21

22

23

24

25

                              2

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
09/10/2021 2:39PM
BY: SCALANDRA
DEPUTY

1   JUSTIN B. CARESIA (034007)
    BAKER & HOSTETLER LLP
2   811 Main Street, Suite 1100
    Houston, TX 77002
3   Telephone: 713.646.1358
    Facsimile: 713.751.1717
4   jcaresia@bakerlaw.com

5
    MATTHEW D. THURLOW
6   *(pro hac vice application forthcoming)*
    RENEE M. KNUDSEN
7   *(pro hac vice application forthcoming)*
    Baker & Hostetler LLP
8   1050 Connecticut Avenue NW, Suite 1100
    Washington, D.C. 20036
9   mthurlow@bakerlaw.com
    rknudsen@bakerlaw.com
10

11  *Attorneys for Defendant Perimeter Solutions LP*

12          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

13              **IN AND FOR THE COUNTY OF COCONINO**

14
    WESLEY FORBACH and EVENSTAR          Case No. **S0300CV202100277**
15  A. FORBACH, individually, and as
    husband and wife,
16                                        **NOTICE OF APPEARANCE**
              Plaintiffs,                 **OF JUSTIN B. CARESIA FOR**
17                                        **DEFENDANT PERIMETER**
    v.                                    **SOLUTIONS, LP**
18
    CHEMGUARD, INC., a Wisconsin
19  corporation; PERIMETER SOLUTIONS
    LP, a Delaware limited partnership; and
20  MATLICK ENTERPRISES, INC.,
    an Arizona corporation,
21
              Defendants.
22

23

24

25

26

1    NOTICE IS HEREBY GIVEN that Justin B. Caresia of the law firm Baker &

2    Hostetler LLP enters his appearance as counsel on behalf of Defendant Perimeter

3    Solutions, LP in this matter. All future correspondence and documents regarding this

4    matter should be directed to the attention of:

5                          Justin B. Caresia
                       **BAKER & HOSTETLER LLP**
6                       811 Main Street, Suite 1100
7                          Houston, TX 77002
                       Telephone: 713.646.1358
8                       Facsimile: 713.751.1717
9                    Email: jcaresia@bakerlaw.com

10   DATED: September 10, 2021              Respectfully submitted,

11

12                                         _/s/ Justin B. Caresia_
                                           JUSTIN B. CARESIA (034007)
13                                         BAKER & HOSTETLER LLP
                                           811 Main Street, Suite 1100
14                                         Houston, TX 77002
                                           Telephone: 713.646.1358
15                                         Facsimile: 713.751.1717
                                           jcaresia@bakerlaw.com
16

17                                         MATTHEW D. THURLOW*
                                           RENEE M. KNUDSEN*
18                                         BAKER & HOSTETLER LLP
19                                         1050 Connecticut Ave. NW, Suite 1100
                                           Washington, D.C. 20036
20                                         mthurlow@bakerlaw.com
                                           rknudsen@bakerlaw.com
21

22                                         *Pro Hac Vice Application
23                                         Forthcoming

24                                         _Attorneys for Perimeter Solutions, LP_

25

26

2

The foregoing was e-filed and a copy
of the foregoing was delivered
this 10th day of September 2021, to:

Patrick J. McGroder III
Patrick J. McGroder IV
BEUS GILBERY MCGRODER PLLC
701 North 44th Street
Phoenix, AZ 85008
p3@beusgilbert.com
pjmiv@beusgilbert.com

Kerry Miller
Jason W. Burge
Danielle Teutonico
FISHMAN HAYGOOD LLP
201 St. Charles Ave., Floor 46
New Orleans, LA 70170
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com
*Attorneys for Plaintiffs*

Lukas M. Landolt
Eric B. Johnson
QUARLES & BRADY, LLP
Renaissance One
Two North Central Ave.
Phoenix, AZ 85004
lukas.landolt@quarles.com
eric.johnson@quarles.com

*Attorneys for Defendant Chemguard, Inc.*
Sharon A. Briggs
RESNICK & LOUIS PC
8111 E. Indian Bend Rd.
Scottsdale, Arizona 85250
sbriggs@rlattorneys.com
*Attorney for Matlick Enterprises, Inc.*

*/s/ Justin B. Caresia*
Justin B. Caresia

3

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
09/10/2021  2:51PM
BY: JDUTTON
DEPUTY

1  JUSTIN B. CARESIA (034007)
   BAKER & HOSTETLER LLP
2  811 Main Street, Suite 1100
   Houston, TX 77002
3  Telephone: 713.646.1358
   Facsimile: 713.751.1717
4  jcaresia@bakerlaw.com

5
   MATTHEW D. THURLOW
6  *(pro hac vice application forthcoming)*
   RENEE M. KNUDSEN
7  *(pro hac vice application forthcoming)*
   Baker & Hostetler LLP
8  1050 Connecticut Avenue NW, Suite 1100
   Washington, D.C. 20036
9  mthurlow@bakerlaw.com
   rknudsen@bakerlaw.com
10
11 *Attorneys for Defendant Perimeter Solutions LP*

12       **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

13          **IN AND FOR THE COUNTY OF COCONINO**

14
   WESLEY FORBACH and EVENSTAR A.          **Case No. S0300CV202100277**
15 FORBACH, individually, and as husband
   and wife,
16                                          **DEFENDANT PERIMETER**
          Plaintiffs,                       **SOLUTIONS LP'S ANSWER TO**
17                                          **PLAINTIFFS' COMPLAINT**
   v.
18
   CHEMGUARD, INC., a Wisconsin
19 corporation; PERIMETER SOLUTIONS
   LP, a Delaware limited partnership; and
20 MATLICK ENTERPRISES, INC.,
   an Arizona corporation,
21
          Defendants.
22
23
24
25
26

1    Defendant Perimeter Solutions, LP ("Perimeter" or "Defendant") through its

2    undersigned counsel, responds to the Complaint from Plaintiffs Wesley Forbach and

3    Evenstar A. Forbach ("Plaintiffs") as follows:

4    **Introduction**

5    1.    Perimeter denies knowledge or information sufficient to form a belief as to

6    the truth of the allegations contained in Paragraph 1 of the Complaint and therefore denies

7    the same.

8    2.    Perimeter denies knowledge or information sufficient to form a belief as to

9    the truth of the allegations contained in Paragraph 2 of the Complaint and therefore denies

10    the same.

11    3.    To the extent the allegations in Paragraph 3 are directed at Perimeter, those

12    allegations are denied. To the extent that the allegations are directed at defendants other

13    than Perimeter, Perimeter denies knowledge or information sufficient to form a belief as to

14    the truth of the allegations contained in Paragraph 3 of the Complaint and therefore denies

15    the same.

16    4.    Responding to Paragraph 4, the allegations in this paragraph are vague and

17    ambiguous as to what is meant by "PFAS," "long periods of time," "highly toxic,"

18    "significant health risks," and "exposed." On these bases, Perimeter denies the allegations

19    contained in Paragraph 4 of the Complaint.

20    5.    To the extent the allegations in Paragraph 5 purport to characterize

21    Perimeter's knowledge or representations, those allegations are denied. To the extent that

22    the allegations are directed at defendants other than Perimeter, Perimeter denies knowledge

23    or information sufficient to form a belief as to the truth of the allegations contained in

24    Paragraph 5 of the Complaint and therefore denies the same. To the extent the allegations

25    in Paragraph 5 relate to Mr. Forbach, Perimeter denies knowledge or information sufficient

26    to form a belief as to the truth of the allegations and therefore denies the same.

2

6.    To the extent the allegations in Paragraph 6 assert that Perimeter's products caused any injury, those allegations are denied. To the extent the allegations are directed at defendants other than Perimeter, Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and therefore denies the same. To the extent the allegations in Paragraph 6 relate to Mr. Forbach, Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

7.    The allegations in Paragraph 7 constitute a characterization of the action to which no response is required.

## Parties, Jurisdiction, and Venue

8.    Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint and therefore denies the same.

9.    Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and therefore denies the same.

10.    Perimeter admits that it is a Delaware limited partnership. Perimeter further responds that the allegations in this paragraph are vague and ambiguous as to what is meant by "throughout the United States," "developed," "trained users," "produced instruction materials," and "PFAS." Perimeter admits that it manufactured and sold AFFF containing PFAS in the United States including in Arizona. For the remaining allegations, Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and therefore denies the same.

11.    Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and therefore denies the same.

3

12. The allegations in Paragraph 12 constitute a characterization of the action to which no response is required.

13. The allegations contained in Paragraph 13 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent any answer is required, Perimeter lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and therefore denies the same.

14. The allegations contained in Paragraph 14 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required.

15. The allegations contained in Paragraph 15 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required.

**General Allegations**

16. Responding to the allegations in Paragraph 16 of the Complaint, Perimeter admits only that AFFF is formed by combining various substances in a concentrate with water at the point of use. All remaining allegations of this paragraph are otherwise denied.

17. Responding to the allegations in Paragraph 17 of the Complaint, Perimeter admits only that AFFF has superior firefighting performance as compared to water used alone on certain types of fires because of AFFF's properties, one of which is its ability to form films on liquid fuels. All remaining allegations are otherwise denied.

18. Responding to the allegations in Paragraph 18 of the Complaint, the allegations in this paragraph are vague and ambiguous as to what is meant by "in conjunction with or in place of water" and "insulate premises." On these bases, Perimeter denies the allegations.

19. Responding to the allegations contained in Paragraph 19 of the Complaint, Perimeter has no knowledge of when AFFF was introduced in the 1960s, the composition of AFFF in the 1960s, or the use of AFFF that occurred approximately fifty years before it

entered the AFFF market. Perimeter admits only that AFFF by definition includes one or more fluorosurfactants, and that fluorosurfactants are per- or polyfluoroalkyl substances. The remaining allegations in this paragraph are vague and ambiguous as to what is meant by "the primary firefighting foam" and "highly fluorinated synthetical chemical compounds." On these bases, Perimeter denies all remaining allegations.

20.    Responding to Paragraph 20, Perimeter has no knowledge of the use of AFFF "for decades" before it entered the AFFF market. Perimeter admits only that AFFF by definition includes one or more fluorosurfactants, and that fluorosurfactants are per- or polyfluoroalkyl substances and that the fluorosurfactants used in Perimeter's AFFFs are manmade. With respect to the remaining allegations, Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

21.    Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and therefore denies the same.

22.    Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and therefore denies the same.

23.    Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and therefore denies the same.

24.    Responding to Paragraph 24, Perimeter has no knowledge of what "PFAS manufacturers" did in the 1960s, which was approximately fifty years before it entered the AFFF market. Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and therefore denies the same.

25.     Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and therefore denies the same.

26.     Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and therefore denies the same.

27.     Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and therefore denies the same.

28.     Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and therefore denies the same.

29.     Perimeter objects that the term "Short-Chain PFAS" is vague and ambiguous. Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and therefore denies the same. To the extent that the allegations are directed at other defendants, Perimeter lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies them.

30.     Perimeter objects that the term "Short-Chain PFAS" is vague and ambiguous. Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and therefore denies the same. To the extent that the allegations are directed at other defendants, Perimeter lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies them.

31.     Perimeter objects that the term "Short-Chain PFAS" is vague and ambiguous. Perimeter denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 31 of the Complaint and therefore denies the same. To the extent that the allegations are directed at other defendants, Perimeter lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies them.

32.    Perimeter denies the allegations in Paragraph 32 of the Complaint as to Perimeter. As to the other defendants, Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and therefore denies the same.

33.    Perimeter denies the allegations in Paragraph 33 of the Complaint as to Perimeter. As to the other defendants, Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and therefore denies the same.

34.    Perimeter denies the allegations in Paragraph 34 of the Complaint as to Perimeter. As to the other defendants, Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and therefore denies the same.

35.    Perimeter denies the allegations in Paragraph 35 of the Complaint as to Perimeter. As to the other defendants, Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and therefore denies the same.

36.    Perimeter denies the allegations in Paragraph 36 of the Complaint as to Perimeter. As to the other defendants, Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and therefore denies the same.

37.    Perimeter admits that it has manufactured and sold AFFF products, but Perimeter denies knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 37 of the Complaint and therefore denies the same. To the extent that the allegations are directed at other defendants, Perimeter lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies the same.

38.    Perimeter denies the allegations in Paragraph 38 of the Complaint as to Perimeter. As to the other defendants, Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and therefore denies the same.

39.    Perimeter denies the allegations contained in Paragraph 39 of the Complaint.

40.    Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint and therefore denies the same.

41.    Perimeter denies the allegations contained in Paragraph 41 of the Complaint.

42.    Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint and therefore denies the same.

43.    Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint and therefore denies the same.

44.    Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and therefore denies the same.

45.    Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint and therefore denies the same.

46.    Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint and therefore denies the same.

47.    Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint and therefore denies the same.

48.    Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint and therefore denies the same.

49.    Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint and therefore denies the same.

50.    Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint and therefore denies the same.

## FIRST CLAIM FOR RELIEF

### (Strict Products Liability-Design Defect and Failure to Warn against All Defendants)

51.    Perimeter refers to and incorporates here its responses to Paragraphs 1 through 50 of the Complaint as if fully set forth herein.

52.    Perimeter denies the allegations in Paragraph 52 of the Complaint as to Perimeter. As to the other defendants, Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint and therefore denies the same.

53.    To the extent that the allegations in Paragraph 53 are directed at Perimeter, Perimeter admits only that it sells AFFF in the ordinary course of its business. All

9

1   remaining allegations are denied. As to the other defendants, Perimeter denies knowledge

2   or information sufficient to form a belief as to the truth of the allegations contained in

3   Paragraph 53 of the Complaint and therefore denies the same.

4           54.    The allegations contained in Paragraph 54 of the Complaint are conclusions

5   of law or mixed conclusions of law and fact to which no answer is required. To the extent

6   any answer is required, Perimeter denies knowledge or information sufficient to form a

7   belief as to the truth of the allegations contained in Paragraph 54 of the Complaint and

8   therefore denies the same.

9           55.    The allegations contained in Paragraph 55 of the Complaint are conclusions

10  of law or mixed conclusions of law and fact to which no answer is required. To the extent

11  any answer is required, Perimeter denies knowledge or information sufficient to form a

12  belief as to the truth of the allegations contained in Paragraph 55 of the Complaint and

13  therefore denies the same.

14          56.    The allegations contained in Paragraph 56 of the Complaint are conclusions

15  of law or mixed conclusions of law and fact to which no answer is required. To the extent

16  any answer is required, Perimeter denies knowledge or information sufficient to form a

17  belief as to the truth of the allegations contained in Paragraph 56 of the Complaint and

18  therefore denies the same.

19          57.    The allegations contained in Paragraph 57 of the Complaint are conclusions

20  of law or mixed conclusions of law and fact to which no answer is required. To the extent

21  any answer is required and the allegations are directed at Perimeter, those allegations are

22  denied. As to the other defendants, Perimeter denies knowledge or information sufficient

23  to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint

24  and therefore denies the same.

25          58.    The allegations contained in Paragraph 58 of the Complaint are conclusions

26  of law or mixed conclusions of law and fact to which no answer is required. To the extent

1   any answer is required and the allegations are directed at Perimeter, those allegations are

2   denied. As to the other defendants, Perimeter denies knowledge or information sufficient

3   to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint

4   and therefore denies the same.

5       59.     Perimeter denies knowledge or information sufficient to form a belief as to

6   the truth of the allegations contained in Paragraph 59 of the Complaint and therefore denies

7   the same.

8       60.     Perimeter denies knowledge or information sufficient to form a belief as to

9   the truth of the allegations contained in Paragraph 60 of the Complaint and therefore denies

10  the same.

11      61.     The allegations contained in Paragraph 61 of the Complaint are conclusions

12  of law or mixed conclusions of law and fact to which no answer is required.

13                      **SECOND CLAIM FOR RELIEF**

14      **(Negligent Failure to Warn Against Manufacturing Defendants)**

15      62.     Perimeter refers to and incorporates here its responses to Paragraphs 1

16  through 61 of the Complaint as if fully set forth herein.

17      63.     To the extent the allegations are directed at Perimeter, Perimeter denies the

18  allegations in Paragraph 63 of the Complaint. As to the other defendants, Perimeter denies

19  knowledge or information sufficient to form a belief as to the truth of the allegations

20  contained in Paragraph 63 of the Complaint and therefore denies the same.

21      64.     To the extent the allegations are directed at Perimeter, Perimeter denies the

22  allegations in Paragraph 64 of the Complaint. As to the other defendants, Perimeter denies

23  knowledge or information sufficient to form a belief as to the truth of the allegations

24  contained in Paragraph 64 of the Complaint and therefore denies the same.

25      65.     The allegations contained in Paragraph 65 of the Complaint are conclusions

26  of law or mixed conclusions of law and fact to which no answer is required. To the extent

11

1   any answer is required and the allegations are directed at Perimeter, those allegations are

2   denied. As to the other defendants, Perimeter denies knowledge or information sufficient

3   to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint

4   and therefore denies the same.

5       66.    The allegations contained in Paragraph 66 of the Complaint are conclusions

6   of law or mixed conclusions of law and fact to which no answer is required. To the extent

7   any answer is required and the allegations are directed at Perimeter, those allegations are

8   denied. As to the other defendants, Perimeter denies knowledge or information sufficient

9   to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint

10  and therefore denies the same.

11                          **THIRD CLAIM FOR RELIEF**

12          **(Negligent Plan or Design of Product Against All Defendants)**

13      67.    Perimeter refers to and incorporates here its responses to Paragraphs 1

14  through 66 of the Complaint as if fully set forth herein.

15      68.    To the extent the allegations are directed at Perimeter, Perimeter denies the

16  allegations in Paragraph 68 of the Complaint. As to the other defendants, Perimeter denies

17  knowledge or information sufficient to form a belief as to the truth of the allegations

18  contained in Paragraph 68 of the Complaint and therefore denies the same.

19      69.    The allegations contained in Paragraph 69 of the Complaint are conclusions

20  of law or mixed conclusions of law and fact to which no answer is required. To the extent

21  the allegations are directed at Perimeter, those allegations are denied. As to the other

22  defendants, Perimeter denies knowledge or information sufficient to form a belief as to the

23  truth of the allegations contained in Paragraph 69 of the Complaint and therefore denies

24  the same.

25      70.    The allegations contained in Paragraph 70 of the Complaint are conclusions

26  of law or mixed conclusions of law and fact to which no answer is required. To the extent

any answer is required and the allegations are directed at Perimeter, those allegations are denied. As to the other defendants, Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint and therefore denies the same.

**FOURTH CLAIM FOR RELIEF**

**(Punitive Damages against Chemguard and Perimeter)**

71.    Perimeter refers to and incorporates here its responses to Paragraphs 1 through 70 of the Complaint as if fully set forth herein.

72.    Perimeter denies the allegation that it began "manufacturing, marketing, and selling AFFFs many years ago." Perimeter objects that the phrase "many years ago" is vague and ambiguous, and on that basis, Perimeter denies the allegations to the extent the allegations are directed at Perimeter. To the extent the allegations are directed at other defendant, Perimeter denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 72 of the Complaint and therefore denies the same.

73.    Perimeter objects that the phrase "over the ensuing years" is vague and ambiguous. The allegations contained in Paragraph 73 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent any answer is required and the allegations are directed at Perimeter, those allegations are denied. As to the other defendant, Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint and therefore denies the same.

74.    Perimeter objects that the phrases "various laws" and "various government agencies" are vague and ambiguous. The allegations contained in Paragraph 74 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent any answer is required and the allegations are directed at

13

1    Perimeter, those allegations are denied. As to the other defendant, Perimeter denies

2    knowledge or information sufficient to form a belief as to the truth of the allegations

3    contained in Paragraph 74 of the Complaint and therefore denies the same.

4        75.    To the extent the allegations are directed at Perimeter, Perimeter denies the

5    allegations in Paragraph 75 of the Complaint. As to the other defendant, Perimeter denies

6    knowledge or information sufficient to form a belief as to the truth of the allegations

7    contained in Paragraph 75 of the Complaint and therefore denies the same.

8        76.    The allegations contained in Paragraph 76 of the Complaint are conclusions

9    of law or mixed conclusions of law and fact to which no answer is required. To the extent

10   any answer is required and the allegations are directed at Perimeter, Perimeter denies

11   knowledge or information sufficient to form a belief as to the truth of the allegations

12   contained in Paragraph 76 of the Complaint and therefore denies the same. As to the other

13   defendant, Perimeter denies knowledge or information sufficient to form a belief as to the

14   truth of the allegations contained in Paragraph 76 of the Complaint and therefore denies

15   the same.

16       77.    To the extent the allegations are directed at Perimeter, Perimeter denies the

17   allegations in Paragraph 77 of the Complaint. As to the other defendant, Perimeter denies

18   knowledge or information sufficient to form a belief as to the truth of the allegations

19   contained in Paragraph 77 of the Complaint and therefore denies the same.

20                        **FIFTH CLAIM FOR RELIEF**

21                           **(Loss of Consortium)**

22       78.    Perimeter refers to and incorporates here its responses to Paragraphs 1

23   through 77 of the Complaint as if fully set forth herein.

24       79.    Perimeter denies knowledge or information sufficient to form a belief as to

25   the truth of the allegations contained in Paragraph 79 of the Complaint and therefore denies

26   the same.

14

80.    The allegations contained in Paragraph 80 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent any answer is required and the allegations are directed at Perimeter, those allegations are denied. As to the other defendants, Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint and therefore denies the same.

81.    To the extent the allegations in Paragraph 81 of the Complaint are directed Perimeter, those allegations are denied. As to the other defendants, Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint and therefore denies the same.

82.    The allegations contained in Paragraph 82 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent any answer is required, Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint and therefore denies the same.

## Rule 26.2 Tier Allegation

83.    Responding to Plaintiffs' Rule 26.2 Tier Allegations, Plaintiffs' allegations state legal conclusions to which no response is required. To the extent any further response is required and the allegations are directed at Perimeter, those allegations are denied. To the extent the allegations are direct at other defendants, Perimeter denies knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

**Prayer for Relief**

84.    Perimeter denies that Plaintiffs are entitled to the relief set forth in the Prayer for Relief, or otherwise entitled to any relief whatsoever, and denies any fact not specifically and unconditionally admitted herein.

**General Denial**

85.    Perimeter denies all allegations in the Complaint that are not expressly admitted herein. In particular, the Complaint routinely refers without differentiation to "Defendants," "Manufacturer Defendants," or "Distributor Defendant," which formulations include entities other than Perimeter. Unless an allegation as to those other defendants is specifically admitted herein, Perimeter lacks knowledge or information sufficient to form a belief about the truth of any matter regarding those defendants and, on that basis, deny them. Additionally, to the extent that any headings or subheadings in the Complaint are intended as allegations, those allegations are denied.

86.    This Answer is based on Perimeter's investigation to date, and Perimeter reserves the right to supplement or amend this Answer during the course of the litigation as new information is learned.

**AFFIRMATIVE DEFENSES**

Perimeter asserts the following defenses without assuming the burden of proof or production as to any issue or element that otherwise rests with Plaintiffs. By listing these matters as defenses, Perimeter does not admit or acknowledge that they bear the burden of proof and/or production with respect to any of them. This statement of defenses is based on Perimeter's investigation to date, and Perimeter reserves all rights to: (i) supplement or amend these defenses during the course of litigation as new information is learned; (ii) assert any and all other defenses now available or that may become available during the course of discovery or trial; (iii) rely on any and all defenses and presumptions set forth in

16

or arising from any rule of law or statute of any state whose substantive law might control the relevant action; and/or (iv) rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any Defendant in this action. All of the following defenses are pled in the alternative, and none constitutes an admission that Perimeter is liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever.

1.      The Complaint, and each cause of action or count alleged therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against Defendant.

2.      Plaintiffs' claims are barred or limited for lack of standing.

3.      The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the applicable statutes of limitations or statute of repose. *See, e.g.*, Ariz. Rev. Stat. §§ 12-542, 12-551.

4.      The Complaint, and each cause of action or count alleged therein, fails to join necessary parties.

5.      The Complaint, and each alleged claim contained therein, is barred, in whole or in part, because Defendant is entitled to immunity from suit under the government contractor defense. *See Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).

6.      The Complaint, and each alleged claim contained therein, is barred, in whole or in part, by the doctrine of laches.

7.      Plaintiffs' claims are not ripe and/or have been mooted.

8.      Plaintiffs' claims are or may be barred, in whole or in part, to the extent they have failed to exhaust administrative remedies.

9.      Plaintiffs may be barred by the doctrine of unclean hands from all forms of relief sought in the Complaint.

10.     Plaintiffs may be barred by the doctrines of estoppel and/or waiver from all forms of relief sought in the Complaint.

11.     Plaintiffs may be barred by the doctrines of res judicata and collateral estoppel from all forms of relief sought in the Complaint.

12.     Plaintiffs' claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

13.     Plaintiffs' claims are barred in whole or in part by the "learned intermediary" doctrine.

14.     Any injuries and/or damages sustained by Plaintiffs may have been caused or contributed to by the negligence or actual conduct of Plaintiffs and/or other persons, firms, corporations, or entities over whom Defendant had no control or right of control and for whom Defendant is not responsible.

15.     Any injuries and/or damages sustained by Plaintiffs are barred by the doctrines of intervening cause and/or superseding cause.

16.     Plaintiffs' claims are or may be barred because they did not use Defendant's products.

17.     Plaintiffs' claims are or may be barred, in whole or in part, to the extent that Defendant's products were unforeseeably misused or altered.

18.     Plaintiffs' claims are or may be barred, in whole or in part, because Plaintiffs or other third parties failed to follow product directions, specifications, material safety data sheets, and/or labeling requirements. Ariz. Rev. Stat. § 12-683(1).

19.     Plaintiffs' claims are or may be barred, in whole or in part, because Plaintiffs or other third parties improperly or illegally disposed of Defendants' products.

18

20.    Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of election of remedies.

21.    Plaintiffs' claims are or may be barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, last clear chance, and open and obvious risk.

22.    Plaintiffs' claims are or may be barred, in whole or in part, because Defendant used proper methods in designing, testing, and manufacturing its products in conformity with: (i) federal and state regulations, standards, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) state of the art in existence at the time the design was prepared and the products were manufactured and tested.

23.    Plaintiffs' claims are or may be barred, in whole or in part, because any alleged levels of contamination did not exceed any applicable laws or binding regulatory standards at the relevant times.

24.    Plaintiffs' claims are or may be barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by Defendant that are the subject of Plaintiffs' claims. Defendant is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

25.    Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of primary jurisdiction.

26.    Plaintiffs' claims are or may be barred, in whole or in part, because Perimeter neither knew, nor should have known, that any of their AFFF products posed the risks alleged by Plaintiffs by virtue of the prevailing state of the medical, scientific, technical,

and/or industrial knowledge available to Perimeter at all times relevant to the claims or causes of action asserted by Plaintiffs.

27.    Plaintiffs' claims are or may be barred, in whole or in part, under the doctrine of Federal Preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent Plaintiffs' claims constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. § 9613(h).

28.    Plaintiffs' claims are or may be barred, in whole or in part, to the extent that any warranties were disclaimed and/or are limited by applicable provisions of the UCC.

29.    Plaintiffs' damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Defendant, and in the event that Defendant is found to be liable to Plaintiffs, Defendant will be entitled to indemnification, contribution, and/or apportionment.

30.    Perimeter asserts its rights to allocation or apportionment of fault pursuant to applicable state law, as well as its rights to a proportionate reduction of any damages found against Perimeter based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiffs.

31.    Plaintiffs may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on their part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiffs' failure to mitigate damages, if any.

32.    Plaintiffs' Complaint is barred, in whole or in part, by the doctrines of acquiescence, ratification, settlement, or release.

33.    Plaintiffs' claims may be barred by the firefighter/fireman's rule.

34.    Plaintiffs' claims may be barred by the public duty doctrine.

35.    Plaintiffs' claims may be barred by the municipal cost recovery rule or the free public services doctrine.

36.    Plaintiffs' claims are or may be barred, in whole or in part, because the proximate cause of the incident giving rise to the action was an alteration or modification of the product that was not reasonably foreseeable, made by a person other than the defendant and subsequent to the time the product was first sold by the defendant. Ariz. Rev. Stat. § 12-683(2).

37.    Plaintiffs' claims are or may be barred, in whole or in part, because the proximate cause of the incident giving rise to the action was a use or consumption of the product that was for a purpose, in a manner or in an activity other than that which was reasonably foreseeable or was contrary to any express and adequate instructions or warnings appearing on or attached to the product or on its original container or wrapping, if the intended consumer knew or with the exercise of reasonable and diligent care should have known of such instructions or warnings. Ariz. Rev. Stat. § 12-683(3).

38.    Plaintiffs' claims are or may be barred in whole or in part because there was not an alternative feasible design for the products at issue.

39.    Plaintiffs' claims are or may be barred in whole or in part due to a lack of privity between the Plaintiffs and Perimeter.

40.    Plaintiff's claims for punitive or exemplary damages are or may be barred or reduced, in whole or in part, by applicable law or statute, including but not limited to Ariz. Rev. Stat. § 12-689, or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of

Arizona or that of any other state whose laws may apply. Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent, without limitation, that it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in punitive damages; (3) unconstitutionally may permit recovery of punitive damages based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm to, Plaintiff; (4) unconstitutionally may permit recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of net worth or other financial information relating to Perimeter; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages award; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; (8) would unconstitutionally impose a penalty, criminal in nature, without according Perimeter the same procedural protections that are accorded to criminal defendants under the Constitutions of the United States, Arizona, and/or any other state whose laws may apply; and (9) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

1

## **RESERVATION OF RIGHTS**

2      Perimeter reserves its rights to raise additional defenses as may be discovered during

3  the course of these proceedings. Perimeter reserves the right to assert all applicable

4  defenses under the Arizona Rules of Civil Procedure, as investigation and discovery

5  proceeds. Perimeter adopts by reference any additional applicable defense pleaded by any

6  other defendants not otherwise pleaded herein.

7      **WHEREFORE**, Perimeter respectfully requests that this Court enter judgment in

8  their favor against Plaintiffs as follows:

9      a.    dismissing the Complaint in its entirety on the merits with prejudice;

10     b.    granting to Perimeter the costs and expenses of this action, including

11 attorneys' fees; and

12     c.    awarding Perimeter such other and further relief as the Court may deem just

13 and proper.

14
15 DATED: September 10, 2021                    Respectfully submitted,

16                                              */s/ Justin B. Caresia*

17                                             JUSTIN B. CARESIA (034007)
                                               BAKER & HOSTETLER LLP
                                               811 Main Street, Suite 1100
18                                             Houston, TX 77002
                                               Telephone: 713.646.1358
19                                             Facsimile: 713.751.1717
                                               jcaresia@bakerlaw.com
20
                                               MATTHEW D. THURLOW*
21                                             RENEE M. KNUDSEN*
                                               BAKER & HOSTETLER LLP
22                                             1050 Connecticut Ave. NW, Suite 1100
                                               Washington, D.C. 20036
23                                             mthurlow@bakerlaw.com
                                               rknudsen@bakerlaw.com
24
25                                             *Pro Hac Vice Application Forthcoming

26                                             *Attorneys for Perimeter Solutions, LP*

23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

The foregoing was e-filed and a copy of the foregoing was delivered
this 10th day of September 2021, to:

Patrick J. McGroder III
Patrick J. McGroder IV
BEUS GILBERY MCGRODER PLLC
701 North 44th Street
Phoenix, AZ 85008
p3@beusgilbert.com
pjmiv@beusgilbert.com

Kerry Miller
Jason W. Burge
Danielle Teutonico
FISHMAN HAYGOOD LLP
201 St. Charles Ave., Floor 46
New Orleans, LA 70170
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com
*Attorneys for Plaintiffs*

Lukas M. Landolt
Eric B. Johnson
QUARLES & BRADY, LLP
Renaissance One
Two North Central Ave.
Phoenix, AZ 85004
lukas.landolt@quarles.com
eric.johnson@quarles.com
*Attorneys for Defendant Chemguard, Inc.*

Sharon A. Briggs
RESNICK & LOUIS PC
8111 E. Indian Bend Rd.
Scottsdale, Arizona 85250
sbriggs@rlattorneys.com
*Attorney for Matlick Enterprises, Inc.*

/s/ Justin B. Caresia
Justin B. Caresia

24

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
10/11/2021 12:02PM
BY: JDUTTON
DEPUTY

**QUARLES & BRADY LLP**
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391
Telephone 602.229.5200

Eric B. Johnson (#020512)
eric.johnson@quarles.com
Lukas M. Landolt (#034759)
lukas.landolt@quarles.com

*Attorneys for Defendant Chemguard, Inc.*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF COCONINO

| | |
|---|---|
| WESLEY FORBACH and EVENSTAR A. FORBACH, individually, and as husband and wife,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>CHEMGUARD, INC., a Wisconsin corporation; PERIMETER SOLUTIONS, L.P., a Delaware limited partnership; and MATLICK ENTERPRISES, INC., an Arizona corporation,<br><br>　　　　　Defendants. | Case No.  S0300CV202100277<br><br>**ANSWER ON BEHALF OF DEFENDANT CHEMGUARD, INC.** |

Defendant Chemguard, Inc. ("Chemguard"), by and through its undersigned counsel, for its answer to the Complaint filed by Plaintiffs Wesley and Evenstar Forbach ("Plaintiffs"), admits, denies, and alleges as follows:

**INTRODUCTION**

1.　　Responding to the first sentence of Paragraph 1, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 and, on that basis, denies them.  Responding to the second sentence of Paragraph 1,

QB\70584809.1

Chemguard admits that PFAS include, but are not limited to, PFOA and PFOS and related chemicals including those that degrade to PFOA or PFOS.

2.    Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 and, on that basis, denies them.

3.    To the extent that the allegations in Paragraph 3 are directed at Chemguard, those allegations are denied.  To the allegations are directed at defendants other than Chemguard, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies them.

4.    Responding to Paragraph 4, Chemguard alleges that the allegations in this paragraph are vague and ambiguous as to what is meant by "PFAS," "long periods of time," "highly toxic," "significant health risks," and "who are exposed." On these bases, Chemguard denies the allegations of the paragraph.

5.    To the extent that the allegations in Paragraph 5 purport to characterize Chemguard's knowledge or representations, those allegations are denied. To the extent that the allegations purport to characterize other parties' knowledge, actions, or representations, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies them.

6.    To the extent that the allegations in Paragraph 6 assert that Chemguard's AFFF products caused any injury, those allegations are denied. To the extent that the allegations describe Plaintiffs' alleged injuries, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies them.

7.    Responding to Paragraph 7, Chemguard alleges that the allegations in this paragraph purport to describe this action as set forth in the Complaint, which speaks for itself.  To the extent that a further response is required, Chemguard denies that Plaintiffs are entitled to any damages or other remedies against it.

QB\70584809.1

**PARTIES, JURISDICTION, AND VENUE**

8.      Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and, on that basis, denies them.

9.      Responding to Paragraph 9, Chemguard admits only that it is a Texas corporation with a headquarters in Wisconsin.  All remaining allegations in this paragraph otherwise are denied.

10.      Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 and, on that basis, denies them.

11.      Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 and, on that basis, denies them.

12.      Responding to Paragraph 12, Chemguard alleges that this paragraph describes a naming convention, to which no response is required.  To the extent that a response is required, the allegations of this paragraph are denied.

13.      Responding to Paragraph 13, Chemguard alleges that this paragraph states legal conclusions, to which no response is required. To the extent that a response is required, the allegations are denied.

14.      Responding to Paragraph 14, Chemguard alleges that this paragraph states legal conclusions, to which no response is required. To the extent that a response is required, the allegations are denied.

15.      Responding to Paragraph 15, Chemguard alleges that this paragraph states legal conclusions, to which no response is required. To the extent that a response is required, the allegations are denied.

**GENERAL ALLEGATIONS**

16.      Responding to Paragraph 16, Chemguard admits only that AFFF is formed by combining various substances in a concentrate with water at the point of use.  All remaining allegations of this paragraph are otherwise denied.

QB\70584809.1

17.     Responding to Paragraph 17, Chemguard admits only that AFFF has superior firefighting performance as compared to water used alone on certain types of fires because of AFFF's properties, one of which is its ability to form films on liquid fuels. All remaining allegations are otherwise denied.

18.     Responding to Paragraph 18, Chemguard alleges that the allegations in this paragraph are vague and ambiguous as to what is meant by "in conjunction with or in place of water" and "insulate a premises." On these bases, Chemguard denies the allegations.

19.     Responding to Paragraph 19, Chemguard admits only that AFFF by definition includes one or more fluorosurfactants, and that fluorosurfactants are per- or polyfluoroalkyl substances.  Chemguard alleges that the remaining allegations in this paragraph are vague and ambiguous as to what is meant by "the primary firefighting foam" and "highly fluorinated synthetical chemical compounds." On these bases, Chemguard denies all remaining allegations.

20.     Responding to Paragraph 20, Chemguard admits only that AFFF by definition includes one or more fluorosurfactants, and that fluorosurfactants are per- or polyfluoroalkyl substances; that AFFF has been used for decades; and that the fluorosurfactants used in Chemguard's AFFFs are manmade.  With respect to the remaining allegations, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies them.

21.     Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 and, on that basis, denies them.

22.     Responding to Paragraph 22, Chemguard alleges that the allegations in this paragraph are vague and ambiguous as to what is meant by "associated with."  On that basis, Chemguard denies the allegations of the paragraph. Chemguard denies that AFFF causes any adverse health effect in humans.

4

QB\70584809.1

23.     Responding to Paragraph 23, Chemguard alleges that the allegations in this paragraph are vague and ambiguous as to what is meant by "linked to." On that basis, Chemguard denies the allegations of the paragraph.  Chemguard denies that AFFF causes any adverse health effect in humans.

24.     Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and, on that basis, denies them.

25.     Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 and, on that basis, denies them.

26.     Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 and, on that basis, denies them.

27.     Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 and, on that basis, denies them.

28.     Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 and, on that basis, denies them.

29.     Responding to Paragraph 29, Chemguard alleges that the allegations in this paragraph are vague and ambiguous as to what is meant by "'new' PFAS" and "Short-Chain PFAS." On these bases, Chemguard denies the allegations to the extent that they pertain to its conduct.  To the extent that the allegations are directed at other defendants, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies them.

30.     Responding to Paragraph 30, Chemguard alleges that the allegations in this paragraph are vague and ambiguous as to what is meant by "Short-Chain PFAS."  On that basis, Chemguard denies the allegations to the extent that they pertain to its conduct.  To the extent that the allegations are directed at other defendants, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies them.

QB\70584809.1

31.     Responding to Paragraph 31, Chemguard alleges that the allegations in this paragraph are vague and ambiguous as to what is meant by "Short-Chain PFAS."  On that basis, Chemguard denies the allegations to the extent that they pertain to its conduct.  To the extent that the allegations are directed at other defendants, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies them.

32.     To the extent the allegations in Paragraph 32 are directed at Chemguard, those allegations are denied.  To the extent the allegations are directed at other defendants, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

33.     To the extent the allegations in Paragraph 33 are directed at Chemguard, those allegations are denied.  To the extent the allegations are directed at other defendants, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

34.     To the extent the allegations in Paragraph 34 are directed at Chemguard, those allegations are denied.  To the extent the allegations are directed at other defendants, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

35.     To the extent the allegations in Paragraph 35 are directed at Chemguard, those allegations are denied.  To the extent the allegations are directed at other defendants, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

36.     To the extent the allegations in Paragraph 36 are directed at Chemguard, those allegations are denied.  To the extent the allegations are directed at other defendants, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

QB\70584809.1

37. To the extent the allegations in Paragraph 37 are directed at Chemguard, those allegations are denied. To the extent the allegations are directed at other defendants, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

38. To the extent the allegations in Paragraph 38 are directed at Chemguard, those allegations are denied. To the extent the allegations are directed at other defendants, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

39. To the extent the allegations in Paragraph 39 are directed at Chemguard, those allegations are denied. To the extent the allegations are directed at other defendants, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

40. Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 and, on that basis, denies them.

41. Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 and, on that basis, denies them.

42. Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 and, on that basis, denies them.

43. Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 and, on that basis, denies them.

44. Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 and, on that basis, denies them.

45. Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 and, on that basis, denies them.

46. Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 and, on that basis, denies them.

QB\70584809.1

47.    Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 and, on that basis, denies them.

48.    Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 and, on that basis, denies them.

49.    Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 and, on that basis, denies them.

50.    Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 and, on that basis, denies them.

**FIRST CLAIM FOR RELIEF**

**(Strict Products Liability-Design Defect and Failure to Warn against All Defendants)**

51.    Chemguard realleges each of its answers to the preceding paragraphs and incorporates each such answer as if fully stated herein.

52.    To the extent the allegations in Paragraph 52 are directed at Chemguard, those allegations are denied.  To the extent the allegations are directed at other defendants, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

53.    To the extent the allegations in Paragraph 53 are directed at Chemguard, Chemguard admits that it has sold AFFF containing PFAS and denies the remainder of the allegations.  To the extent the allegations are directed at other defendants, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

54.    Responding to Paragraph 54, Chemguard states that, as to the first sentence, to the extent that the allegations are directed at Chemguard, those allegations are denied. To the extent that the allegations of the first sentence are directed at other defendants, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies them.  As to the second sentence, Chemguard lacks

1  knowledge or information sufficient to form a belief about the truth of the allegations and,

2  on that basis, denies them.

3      55.    Responding to Paragraph 55, Chemguard alleges that the allegations in this

4  paragraph state legal conclusions to which no response is required and, on that basis,

5  Chemguard denies them.  To the extent that a further response is required and the allegations

6  are directed at Chemguard, those allegations are denied.  To the extent that the allegations

7  are directed at other defendants, Chemguard lacks knowledge or information sufficient to

8  form a belief about the truth of the allegations and, on that basis, denies them.

9      56.    To the extent the allegations in Paragraph 56 are directed at Chemguard, those

10  allegations are denied.  To the extent the allegations are directed at other defendants,

11  Chemguard lacks knowledge or information sufficient to form a belief about the truth of the

12  allegations, and on that basis, denies them.

13      57.    To the extent the allegations in Paragraph 57 are directed at Chemguard, those

14  allegations are denied.  To the extent the allegations are directed at other defendants,

15  Chemguard lacks knowledge or information sufficient to form a belief about the truth of the

16  allegations, and on that basis, denies them.

17      58.    To the extent the allegations in Paragraph 58 are directed at Chemguard, those

18  allegations are denied.  To the extent the allegations are directed at other defendants,

19  Chemguard lacks knowledge or information sufficient to form a belief about the truth of the

20  allegations, and on that basis, denies them.

21      59.    To the extent the allegations in Paragraph 59 are directed at Chemguard, those

22  allegations are denied.  To the extent the allegations are directed at other defendants,

23  Chemguard lacks knowledge or information sufficient to form a belief about the truth of the

24  allegations, and on that basis, denies them.

25      60.    Chemguard lacks knowledge or information sufficient to form a belief about

26  the truth of the allegations of Paragraph 60, and on that basis, denies them.

61.    To the extent the allegations in Paragraph 61 are directed at Chemguard, those allegations are denied.  To the extent the allegations are directed at other defendants, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

## SECOND CLAIM FOR RELIEF

### (Negligent Failure to Warn against Manufacturing Defendants)

62.    Chemguard realleges each of its answers to the preceding paragraphs and incorporates each such answer as if fully stated herein.

63.    To the extent the allegations in Paragraph 63 are directed at Chemguard, those allegations are denied.  To the extent the allegations are directed at other defendants, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

64.    To the extent the allegations in Paragraph 64 are directed at Chemguard, those allegations are denied.  To the extent the allegations are directed at other defendants, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

65.    To the extent the allegations in Paragraph 65 are directed at Chemguard, those allegations are denied.  To the extent the allegations are directed at other defendants, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

66.    To the extent the allegations in Paragraph 66 are directed at Chemguard, those allegations are denied.  To the extent the allegations are directed at other defendants, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

QB\70584809.1

**THIRD CLAIM FOR RELIEF**

**(Negligent Plan or Design of Product against All Defendants)**

67.    Chemguard realleges each of its answers to the preceding paragraphs and incorporates each such answer as if fully stated herein.

68.    To the extent the allegations in Paragraph 68 are directed at Chemguard, those allegations are denied.  To the extent the allegations are directed at other defendants, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

69.    To the extent the allegations in Paragraph 69 are directed at Chemguard, those allegations are denied.  To the extent the allegations are directed at other defendants, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

70.    To the extent the allegations in Paragraph 70 are directed at Chemguard, those allegations are denied.  To the extent the allegations are directed at other defendants, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

**FOURTH CLAIM FOR RELIEF**

**(Punitive Damages against Chemguard and Perimeter Solutions)**

71.    Chemguard realleges each of its answers to the preceding paragraphs and incorporates each such answer as if fully stated herein.

72.    Responding to Paragraph 72, Chemguard alleges that the allegations are vague and ambiguous as to what is meant by "many years ago" and "manufacturing, marketing, and selling," and on those bases, Chemguard denies the allegations to the extent that they pertain to it.  To the extent that the allegations are directed at other defendants, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies them.

11

73.     To the extent the allegations in Paragraph 73 are directed at Chemguard, those allegations are denied.   To the extent the allegations are directed at other defendants, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

74.     To the extent the allegations in Paragraph 74 are directed at Chemguard, those allegations are denied.   To the extent the allegations are directed at other defendants, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

75.     To the extent the allegations in Paragraph 75 are directed at Chemguard, those allegations are denied.   To the extent the allegations are directed at other defendants, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

76.     To the extent the allegations in Paragraph 76 are directed at Chemguard, those allegations are denied.   To the extent the allegations are directed at other defendants, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

77.     To the extent the allegations in Paragraph 77 are directed at Chemguard, those allegations are denied.   To the extent the allegations are directed at other defendants, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

## FIFTH CLAIM FOR RELIEF

### (Loss of Consortium)

78.     Chemguard realleges each of its answers to the preceding paragraphs and incorporates each such answer as if fully stated herein.

79.     Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 79, and on that basis, denies them.

80.     To the extent the allegations in Paragraph 80 are directed at Chemguard, those allegations are denied.   To the extent the allegations are directed at other defendants, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

81.     To the extent the allegations in Paragraph 81 are directed at Chemguard, those allegations are denied.   To the extent the allegations are directed at other defendants, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

82.     Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 82, and on that basis, denies them.

### RULE 26.2 TIER ALLEGATIONS

83.     Responding to Plaintiffs' Rule 26.2 Tier Allegations, Chemguard alleges that these allegations state legal conclusions to which no response is required and, on that basis, Chemguard denies them. To the extent that a further response is required and the allegations are directed at Chemguard, those allegations are denied. To the extent that the allegations are directed at other defendants, Chemguard lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies them.

### PRAYER FOR RELIEF

84.     Chemguard denies the allegations in the final paragraphs of the Complaint wherein Plaintiffs make their prayer for relief (including all sub-paragraphs) and further denies that Plaintiffs are entitled to any damages or remedies against them.

### GENERAL DENIAL

85.     Chemguard denies all allegations in the Complaint that are not expressly admitted herein.   In particular, the Complaint routinely refers without differentiation to "Defendants" or "Manufacturer Defendants," which formulations include entities other than Chemguard.   Unless an allegation as to those other defendants is specifically admitted

herein, Chemguard lacks knowledge or information sufficient to form a belief about the truth of any matter regarding those defendants and, on that basis, denies them. Additionally, to the extent that any headings or subheadings in the Complaint are intended as allegations, those allegations are denied.

86. This Answer is based Chemguard's investigation to date, and Chemguard reserves the right to supplement or amend this Answer during the course of the litigation as new information is learned.

## AFFIRMATIVE DEFENSES

Chemguard asserts the following defenses without assuming the burden of proof or production as to any issue or element that otherwise rests with Plaintiffs. By listing these matters as defenses, Chemguard does not admit or acknowledge that it bears the burden of proof and/or production with respect to any of them. This statement of defenses is based on Chemguard's investigation to date, and Chemguard reserves all rights to (i) supplement or amend these defenses during the course of litigation as new information is learned; (ii) to assert any and all other defenses now available or that may become available during the course of discovery or trial; (iii) to rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action; and/or (iv) to rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any Defendant in this action. All of the following defenses are pled in the alternative, and none constitutes an admission that Chemguard is liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever.

1. The Complaint, and each cause of action or count alleged therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against Chemguard.

2. This Court lacks personal jurisdiction over Chemguard, and the Complaint should therefore be dismissed.

QB\70584809.1

3.    Plaintiffs' claims are barred or limited for lack of standing.

4.    Plaintiffs' claims are or may be barred, in whole or in part, by the applicable statutes of limitations.  *See, e.g.*, Ariz. Rev. Stat. §§ 12-542, 12-551.

5.    Plaintiffs' claims are or may be barred, in whole or in part, by applicable statutes of repose.

6.    Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of laches.

7.    Plaintiffs' claims are or may be barred, in whole or in part, because Chemguard is entitled to immunity from suit under the government contractor defense.  *See Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988).

8.    The Complaint, and each cause of action or count alleged therein, fails to join necessary parties.

9.    Plaintiffs' claims are or may be barred, in whole or in part, because Plaintiffs are not the real parties in interest or lack capacity to bring their claims.

10.    Plaintiffs' claims are or may not be ripe and/or have been mooted.

11.    Plaintiffs' claims are or may be barred, in whole or in part, to the extent that they have failed to exhaust administrative remedies.

12.    Plaintiffs are or may be barred by the doctrine of unclean hands from all forms of relief sought in the Complaint.

13.    Plaintiffs are or may be barred by the doctrines of estoppel and/or waiver from all forms of relief sought in the Complaint.

14.    Plaintiffs are or may be barred by the doctrines of res judicata and collateral estoppel from all forms of relief sought in the Complaint.

15.    Plaintiffs' claims are or may be barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related

15

doctrines available under applicable law.

16.    Any injuries and/or damages sustained by Plaintiffs are barred by the doctrines of intervening cause and/or superseding cause.

17.    Plaintiffs' claims are or may be barred, in whole or in part, because of product misuse.

18.    Plaintiffs' claims are or may be barred, in whole or in part, because the plans or designs for the products at issue or the methods and techniques of manufacturing, inspecting, testing and labeling the products conformed with the state of the art at the time the product was first sold by the defendant.  Ariz. Rev. Stat. § 12-683(1).

19.    Plaintiffs' claims are or may be barred, in whole or in part, because the proximate cause of the incident giving rise to the action was an alteration or modification of the product that was not reasonably foreseeable, made by a person other than the defendant and subsequent to the time the product was first sold by the defendant.  Ariz. Rev. Stat. § 12-683(2).

20.    Plaintiffs' claims are or may be barred, in whole or in part, because the proximate cause of the incident giving rise to the action was a use or consumption of the product that was for a purpose, in a manner or in an activity other than that which was reasonably foreseeable or was contrary to any express and adequate instructions or warnings appearing on or attached to the product or on its original container or wrapping, if the intended consumer knew or with the exercise of reasonable and diligent care should have known of such instructions or warnings.  Ariz. Rev. Stat. § 12-683(3).

21.    Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of election of remedies.

22.    Plaintiffs' claims are subject to all defenses that could be asserted if Plaintiffs' claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiffs seek to recover.

16

23. Plaintiffs' claims are or may be barred, in whole or in part, because Chemguard neither knew, nor should have known, that any of its AFFF products posed the risks alleged by Plaintiffs by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to Chemguard at all times relevant to the claims or causes of action asserted by Plaintiffs.

24. Plaintiffs' claims are or may be barred, in whole or in part, because Chemguard used proper methods in designing, testing, and manufacturing their products in conformity with (i) federal and state regulations, standards, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) the state of the art in existence at the time the design was prepared and the products were manufactured and tested.

25. Plaintiffs' claims are or may be barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by Chemguard that are the subject of Plaintiff's claims. Chemguard is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

26. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of primary jurisdiction.

27. Plaintiffs' claims are or may be barred, in whole or in part, under the doctrine of federal preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent that Plaintiff's claims constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. §

9613(h).

28.     Plaintiffs' claims are or may be barred, in whole or in part, because of consent, public necessity, private necessity and/or privilege.

29.     Discovery may establish that Plaintiffs engaged in fraudulent and/or negligent acts or omissions, and thereby are at fault for its own alleged injuries and barred from recovery based on the doctrine of in pari delicto, the defense of unclean hands or estoppel, or like defense.

30.     Discovery may establish that Plaintiffs engaged in fraudulent or otherwise wrongful conduct and/or negligent acts or omissions, and thereby proximately caused and contributed to their own alleged injuries.  In addition, Chemguard invokes any such other statutory or common law principles of contributory or comparative negligence as may be deemed to apply, that permit allocation or apportionment of fault pursuant to applicable state law, and/or that permit a proportional reduction of any damages found against Chemguard based on the tortious conduct of any settling tortfeasor and/or responsible third party, or Plaintiffs.

31.     Chemguard cannot be held jointly or severally liable.  In addition, Chemguard invokes any such other statutory or common law principles that may prohibit or limit the application of joint liability, permit allocation or apportionment of fault pursuant to applicable state law, permit a proportional reduction of any damages found against Chemguard based on the tortious conduct of any settling tortfeasor and/or responsible third party, or Plaintiffs.

32.     Plaintiffs' damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Chemguard, and in the event that Chemguard is found to be liable to Plaintiffs, Chemguard will be entitled to indemnification, contribution, and/or apportionment.  See Ariz. Rev. Stat. § 12-684.

QB\70584809.1

33.    By operation of the "one satisfaction" rule and/or by application of the affirmative defense of payment (or like defense), the damages asserted by Plaintiffs must be reduced by any amounts recovered by them, including without limitation, amounts received to pay for remediation efforts, settlement with third-parties (whether the result of formal proceedings or not), or other avenues of recovery.

34.    Plaintiffs' claims are or may be barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, or release.

35.    Plaintiffs' claims are or may be barred, in whole or in part, because Plaintiffs may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on their part, or by expenditures which might reasonably have been made.  Recovery, if any, should therefore be reduced by Plaintiffs' failure to mitigate damages, if any.

36.    Plaintiffs' claims are or may be barred or limited, in whole or in part, by the economic loss rule.

37.    Plaintiffs' claims are or may be barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, open and obvious risk, and matters of common knowledge.

38.    Plaintiffs' claims against Chemguard are or may be barred, in whole or in part, because a successor corporation is not liable for the former's corporation's debts and liabilities.

39.    Plaintiffs' claims are or may be barred, in whole or in part, because the foreseeable risks associated with the design or formulation of the relevant product(s) did not exceed the benefits associated with that design or formulation.

19

40.     Plaintiffs' claims are or may be barred, in whole or in part, because the products at issue perform as safely as an ordinary consumer would expect when used in a reasonably foreseeable manner.

41.     Plaintiff's claims for punitive or exemplary damages are or may be barred or reduced, in whole or in part, by applicable law or statute, including but not limited to Ariz. Rev. Stat. § 12-689, or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of Arizona or that of any other state whose laws may apply. Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent, without limitation, that it (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in punitive damages; (3) unconstitutionally may permit recovery of punitive damages based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm to, Plaintiff; (4) unconstitutionally may permit recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of net worth or other financial information relating to Chemguard; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages award; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; (8) would unconstitutionally impose a penalty, criminal in nature, without according Chemguard the same procedural protections that are accorded to criminal defendants under

the Constitutions of the United States, Arizona, and/or any other state whose laws may apply; and (9) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Insurance Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

42.    Chemguard reserves the right to assert all applicable defenses under Arizona Rules of Civil Procedure, as investigation and discovery proceeds.

43.    Chemguard adopts by reference any additional applicable defense pleaded by any other defendants not otherwise pleaded herein.

## PRAYER FOR RELIEF

Chemguard respectfully prays that the Court dismiss the Complaint with prejudice, and award Chemguard its costs and attorneys' fees, and such other relief as this Court finds just and equitable.

DATED this 11th day of October, 2021.

QUARLES & BRADY LLP
Two North Central Avenue
Phoenix, AZ  85004-2391

By  */s/ Lukas M. Landolt*
　　Eric B. Johnson
　　Lukas M. Landolt

*Attorneys for Defendant Chemguard, Inc.*

/ / / /

/ / / /

21

QB\70584809.1

1    **ORIGINAL** of the foregoing e-filed
      and a **COPY** e-mailed this
2    11th day of October, 2021 to:

3    Patrick J. McGroder III (002598)
4    Patrick J. McGroder IV (030815)
      BEUS GILBERT MCGRODER PLLC
5    701 North 44th Street
      Phoenix, Arizona 85008-6504
6    p3@beusgilbert.com
7    pjmiv@beusgilbert.com

8    Kerry Miller
      Jason W. Burge
9    Danielle Teutonico
      FISHMAN HAYGOOD LLP
10   201 St. Charles Ave., Floor 46
      New Orleans, Louisiana 70170
11   kmiller@fishmanhaygood.com
      jburge@fishmanhaygood.com
12   dteutonico@fishmanhaygood.com
13
14   *Counsel for Plaintiffs*

15   Matthew D. Thurlow
      Renee M. Knudsen
16   BAKER & HOSTETLER LLP
      1050 Connecticut Avenue, N.W., Suite 1100
17   Washington, D.C. 20036
18   mthurlow@bakerlaw.com
      rknudsen@bakerlaw.com
19   *Counsel for Perimeter Solutions, LP*

20   Ellen Levy
      RESNICK & LOUIS PC
21   8111 E. Indian Bend Rd.
      Scottsdale, Arizona 85250
22   elevy@rlattorneys.com
23   *Counsel for Matlick Enterprises, Inc.*

24

25   */s/ Maria Marotta*

26

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
11/05/2021 12:17PM
BY: JDUTTON
DEPUTY

1

**Quarles & Brady LLP**
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391

2

3

4   Eric B. Johnson (#020512)
    eric.johnson@quarles.com
5   Amy Levine Heiserman (#032486)
    Amy.Heiserman@quarles.com
6
    *Attorneys for Defendant Chemguard, Inc.*
7

8           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9               IN AND FOR THE COUNTY OF COCONINO

10

| | |
|---|---|
| 11   Wesley Forbach and Evenstar A. Forbach, individually, and as husband and wife, | Case No. CV2020-017108 |
| 12           Plaintiffs, | **NOTICE OF SUBSTITUTION OF COUNSEL WITHIN FIRM** |
| 13     vs. | |
| 14   Chemguard, Inc., a Wisconsin corporation; Perimeter Solutions LP., a Delaware | |
| 15   limited partnership; and Matlick Enterprises, Inc., an Arizona corporation, | |
| 16 | |
| 17           Defendants. | |

18           Defendant Chemguard, Inc. ("Defendant") hereby gives notice that Amy Levine

19  Heiserman, an attorney with Quarles & Brady LLP, is substituted in as counsel of record

20  for Lukas M. Landolt. Mr. Landolt is no longer affiliated with the firm and should be

21  removed from all future service in this matter.

22

23

24

25  / / / /

26  / / / /

1

QB\70879597.1

1        RESPECTFULLY SUBMITTED this 5th day of November, 2021.

2                                          QUARLES & BRADY LLP
                                           Two North Central Avenue
3                                          Phoenix, AZ  85004-2391

4
                                           By  /s/ Eric B. Johnson
5                                               Eric B. Johnson
                                                Amy Levine Heiserman
6
7                                              Attorney for Defendant Chemguard, Inc.

8    **ORIGINAL** of the foregoing e-filed
     and a **COPY** e-mailed this
9    5th day of November, 2021 to:

10
     Patrick J. McGroder III (002598)
11   Patrick J. McGroder IV (030815)
     BEUS GILBERT MCGRODER PLLC
12   701 North 44th Street
     Phoenix, Arizona 85008-6504
13   p3@beusgilbert.com
     pjmiv@beusgilbert.com
14

15   Kerry Miller
     Jason W. Burge
16   Danielle Teutonico
     FISHMAN HAYGOOD LLP
17   201 St. Charles Ave., Floor 46
     New Orleans, Louisiana 70170
18   kmiller@fishmanhaygood.com
     jburge@fishmanhaygood.com
19   dteutonico@fishmanhaygood.com

20
     *Counsel for Plaintiffs*
21
22   Matthew D. Thurlow
     BAKER & HOSTETLER LLP
23   1050 Connecticut Avenue, N.W., Suite 1100
     Washington, D.C.  20036
24   mthurlow@bakerlaw.com
     *Counsel for Perimeter Solutions, LP*
25

26

                                              2
QB\70879597.1

1
2
3
4
5
6

Jill J. Ormond
William Shelley
GORDON REES SCULLY MANSUKHANI LLP
Renaissance One
Two North Central Ave., Suite 2200
Phoenix, Arizona  85004
jormond@grsm.com
wshelley@grsm.com
*Counsel for L.N. Curtis and Sons, Inc.*

7
8
9
10

Sharon A. Briggs
RESNICK & LOUIS PC
8111 E. Indian Bend Rd.
Scottsdale, Arizona  85250
sbriggs@rlattorneys.com
*Counsel for Matlick Enterprises, Inc.*

11
12

*/s/ Maria Marotta*

13
14
15
16
17
18
19
20
21
22
23
24
25
26

3

# Liddy Legal Support Services

PO Box 2007, Phoenix, AZ 85001
63 E. Pennington St., #102, Tucson, AZ 85702
2700 Woodlands Village Blvd., #300-420, Flagstaff, AZ 86001
Phoenix 602-297-0676, Tucson 520-628-2824, Flagstaff 928-225-7737

Client Matter   28120.0063
Account      # 0443
Invoice      # -----------
Liddy        # 386584-1

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF COCONINO

WESLEY FORBACH AND EVENSTAR A. FORBACH,

                    **Plaintiff(s) / Petitioner(s),**

vs

CHEMGUARD, INC.; et. al.,

                    **Defendant(s) / Respondent(s).**

**CERTIFICATE OF SERVICE
BY PRIVATE PROCESS SERVER**
**Case No. S0300CV202100277**

**ENTITY/PERSON TO BE SERVED:** Flagstaff Fire Dept.

**PLACE OF SERVICE:**      211 W. Aspen Ave., Flagstaff, AZ 86001

**DATE OF SERVICE:** On the 24th day of November, 2021 at 10:56 AM     County Coconino

[ ] PERSONAL SERVICE [X] Left a copy with a person authorized to accept service.   [ ] At this usual place of abode, I left a copy with a person of suitable age and discretion residing therein.

**Name of Person Served and Relationship/Title**   Served by leaving the documents with Stacy Saltzberg, Flagstaff City Clerk,

authorized to accept/receive service.

on    11/22/2021    we received the following documents for service:

Subpoena Duces Tecum; Cover Letter; Declaration of the Custodian of Records; Authorization to Disclose Medical Information; Authorization to Disclose Employment Information
***Date and time of production: 12/20/2021 at 9:00AM***

**Received from RESNICK & LOUIS, P.C., ( ELLEN S. LEVY #020275 )**

PROCESS SERVER: Eugene Bernhard

The undersigned states: That I am a private process server in the county of Coconino and am an Officer of the Court.

SIGNATURE OF PROCESS SERVER: _____      Date: 11/24/2021

**Tax ID#** 90-0533870
I declare under penalty of perjury that the foregoing is true and correct and was executed on this date.

JUSTIN B. CARESIA (034007)
BAKER & HOSTETLER LLP
811 Main Street, Suite 1100
Houston, TX 77002
Telephone: 713.646.1358
Facsimile: 713.751.1717
jcaresia@bakerlaw.com

MATTHEW D. THURLOW
*(pro hac vice application pending)*
RENEE M. KNUDSEN
*(pro hac vice application pending)*
BAKER & HOSTETLER LLP
1050 Connecticut Avenue NW, Suite 1100
Washington, D.C. 20036
mthurlow@bakerlaw.com
rknudsen@bakerlaw.com

*Attorneys for Defendant Perimeter Solutions LP*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF COCONINO**

| | |
|---|---|
| WESLEY FORBACH and EVENSTAR A. FORBACH, individually, and as husband and wife,<br><br>            Plaintiffs,<br><br>v.<br><br>CHEMGUARD, INC., a Wisconsin corporation; PERIMETER SOLUTIONS LP, a Delaware limited partnership; and MATLICK ENTERPRISES, INC., an Arizona corporation,<br><br>            Defendants. | Case No. S0300CV202100277<br><br>**[PROPOSED] ORDER RE: MOTION TO ASSOCIATE MATTHEW D. THURLOW PRO HAC VICE** |

Based on the Motion to Associate Counsel Pro Hac Vice of Justin B. Caresia and the consent of Justin B. Caresia to appear as local counsel, it is hereby ordered that Matthew D. Thurlow be admitted *pro hac vice* as counsel for Defendant Perimeter Solutions, LP in this matter.

DATED this _____ day of _____, 2021.

_____

2



**STATE BAR**
OF **ARIZONA**

Attn: Pro Hac Vice Dept
P.O. Box 842699
Los Angeles, CA 90084-2699
Phone: 602-340-7239

For Official Use Only
App#: 1012961
Bar Number#: P209771
OK #499991  $505.00

Overnight or Hand Delivery:
4201 N. 24th St., Ste 100
Phoenix, AZ 85016-6266

### Application for Appearance Pro Hac Vice

**PART 1: Applicant Information**

Name of Applicant: Matthew D. Thurlow

Firm/Company Name: Baker & Hostetler LLP

Office Address: 1050 Connecticut Avenue, NW, Suite 1100, Washington, DC, 20036

Telephone: (202) 861-1671    Fax: (202) 861-1783    Email Address: mthurlow@bakerlaw.com

Residence Address: 1600 N Edgewood St, Arlington, VA 22201

Title of cause or case where applicant seeks to appear: Forbach, et al. v. Chemguard, et al.

Docket Number: S0300CV202100277

Court, Board, or Administrative Agency: Coconino County Superior Court

Party on whose behalf applicant seeks to appear: Perimeter Solutions, LP

**Pursuant to Arizona Supreme Court Rule 39(a)(2), the applicant shall complete the information below:**

| Courts to Which Applicant Has Been Admitted: (Attach additional pages if necessary) | Date of Admission: | Bar Number: |
|---|---|---|
| California | 6/9/2008 | 243470 |
| District of Columbia | 6/4/2012 | 1008014 |
| | | |
| | | |

☑ Applicant is a member in good standing in such courts.

☑ Applicant is not currently disbarred or suspended in any court.

Applicant ☐ is / ■ is not (select one) currently subject to any pending disciplinary proceeding or investigation by any court, agency or organization authorized to discipline attorneys at law. If yes, specify the jurisdiction, nature of investigation and contact information of the disciplinary authority investigating on an additional page.

In the preceding three (3) years, applicant has filed applications to appear as counsel under Ariz. R. Sup. Ct., Rule 39(a) in the following:

| Title of Matter: | Docket #: | Court or Agency: | App Granted? (Y/N) |
|---|---|---|---|
| Young v. Chemguard et al | CV2020-17108 | Maricopa Cnty. Sup. Ct. | Yes |
| | | | |
| | | | |

This case or cause ☐ is / ☒ is not (select one) a related or consolidated matter for which applicant has previously applied to appear pro hac vice in Arizona. If this matter is a related or consolidated with any previous application, Applicant certifies that he/she will review and comply with appropriate rules of procedure as required in the underlying cause.
If applicable, please provide related or consolidated matter application or docket#_____

Revised 05/01/20

Page 2

**PART II: Local Counsel Information**

Name of Arizona Local Counsel: Justin B. Caresia

State Bar of Arizona Number: 034007

Address: 811 Main Street, Suite 1100, Houston, TX, 77002

Telephone: (713) 646-1358    Fax: (713) 751-1717    Email Address: jcaresia@bakerlaw.com

X̄ Local Counsel is a member in good standing.

X̄ Local Counsel associating with a nonresident attorney in a particular cause shall accept joint responsibility with the nonresident attorney to the client, to opposing parties and counsel, and to court, board, or administrative agency in that particular cause.

**PART III: Parties and Certification**
Name(s) of each party in this cause and name and address of all counsel of record:

| Party: | Counsel of Record: | Address: |
|---|---|---|
| Wesley Forbach; Evenstar A. Forbach | Patrick J. McGroder III | 701 North 44th Street, Phoenix, AZ 85008 |
| Chemguard, Inc. | Amy Levine Heiserman | Two North Central Ave, Phoenix, AZ 85004 |
| Matlick Enterprises, Inc. | Ellen Levy | 8111 E. Indian Bend Rd. Scottsdale, AZ 85250 |
| Perimeter Solutions, LP | Justin B. Caresia | 811 Main Street, Ste. 1100, Houston, TX, 77002 |

X̄ Applicant is including with this application a nonrefundable application fee, payable to the State Bar of Arizona, in the amount of $505.00. Fifteen percent of the non-refundable application fee paid pursuant to this section shall be deposited into a civil legal services fund to be distributed by the Arizona Foundation for Legal Services and Education entirely to approved legal services organizations, as that term is defined in subparagraph (2)(c) of this rule.

X̄ Applicant is furnishing a certificate from the state bar or from the clerk of the highest admitting court of each state, territory, or insular possession of the United States in which the nonresident attorney has been admitted to practice law certifying the nonresident attorney's date of admission to such jurisdiction and the current status of the nonresident attorney's membership or eligibility to practice therein. The certificate furnished shall be no more than forty-five (45) days old.

Applicant certifies the following:
1. Applicant shall be subject to the jurisdiction of the courts and agencies of the State of Arizona and to the State Bar of Arizona with respect to the law of this state governing the conduct of attorneys to the same extent as an active member of the State Bar of Arizona, as provided in Ariz. R. Sup. Ct. Rule 46(b).
2. Applicant will review and comply with appropriate rules of procedure as required in the underlying cause.
3. Applicant understands and shall comply with the standards of conduct required of members of the State Bar of Arizona.

**Verification**

STATE OF _____ )

County of _____ ) ss.

I, Matthew D. Thurlow _____, swear that all statements in the application are true, correct and complete to the best of my knowledge and belief.

Dated: / 0 / 7 / 2 0 2 /    Applicant's Signature: _____

SUBSCRIBED AND SWORN TO before me this _____ day of _____, 20 ___, by

Name of Applicant _____.

_____
Notary Public

Revised 10/28/20

## COVID-19 Temporary Verification

This Form is intended to be a required supplement to State Bar of Arizona applications and certifications during the period of pandemic health advisories and the related emergency orders of the federal government, the Governor of Arizona, and the Supreme Court of Arizona. This unsworn declaration, under penalty of perjury, is to be submitted in lieu of a notarized verification pursuant to Arizona Rules of Civil Procedure, Rule 80(c).

State of ___Virginia___ )
County of ___Arlington___ ) ss.

I, ___Matthew D. Thurlow___, a member of the State Bar of ___DC and CA___, submit this unsworn verification in support of my:

☐ Resignation of Membership

■ Application for Appearance *Pro Hac Vice*

☐ Application for In-House Counsel certification

☐ Application for transfer to Inactive / Retired status

☐ Application for Reinstatement after Summary Suspension by the Board of Governors

I hereby declare and verify, under the penalty of perjury, that the foregoing information and that on the applicable application form is true and correct.

Dated: ___10/7/2021___

_____
Attorney signature



On behalf of JULIO A. CASTILLO, Clerk of the District of Columbia Court of Appeals,
the District of Columbia Bar does hereby certify that

*Matthew David Thurlow*

was duly qualified and admitted on June 4, 2012 as an attorney and counselor entitled to
practice before this Court; and is, on the date indicated below, a(n)
ACTIVE member in good standing of this Bar.

**In Testimony Whereof,
I have hereunto subscribed my
name and affixed the seal of this
Court at the City of
Washington, D.C., on
September 24, 2021.**

**JULIO A. CASTILLO
Clerk of the Court**

Issued By:
District of Columbia Bar Membership

For questions or concerns, please contact the D.C. Bar Membership Office at 202-626-3475 or email
memberservices@dcbar.org.



The State Bar
of California

**OFFICE OF ATTORNEY REGULATION &
CONSUMER RESOURCES**

180 Howard Street, San Francisco, CA 94105

AttorneyRegulation@calbar.ca.gov
888-800-3400

# CERTIFICATE OF STANDING

September 27, 2021

TO WHOM IT MAY CONCERN:

This is to certify that according to the records of the State Bar, MATTHEW DAVID THURLOW, #243470 was admitted to the practice of law in this state by the Supreme Court of California on June 9, 2006 and has been since that date, and is at date hereof, an ACTIVE licensee of the State Bar of California; and that no recommendation for discipline for professional or other misconduct has ever been made by the Board of Trustees or a Disciplinary Board to the Supreme Court of the State of California.

THE STATE BAR OF CALIFORNIA

Denise Velasco
Custodian of Records

# United States District Court
## Northern District of California

# CERTIFICATE OF GOOD STANDING

It is hereby certified that

# Matthew David Thurlow

Bar Number 243470

was duly admitted to practice in this Court on January 24, 2007, and is in good standing as a member of the bar of this Court.

Signed on September 27, 2021 by



Susan Y. Soong, Clerk Of Court



1    **Coconino County Superior Court**

2   Forbach, et al.,                                     )
        Plaintiff                                        )
3                                                        )        CASE # **S0300CV202100277**
                            v.                           )
4                                                        )        SBA App #1012961
    Chemguard, et al,                                    )
5       Defendant.                                       )   **NOTICE OF RECEIPT OF COMPLETE**
                                                         )              **APPLICATION**
6   _____

7   NOTICE IS HEREBY given by THE STATE BAR OF ARIZONA that it has <u>received the</u>
    <u>verified application and fee from Matthew David Thurlow.</u>

8   In addition to this application, applicant has made the following applications to appear pro hac
9   vice, pursuant to Rule 39, within the previous three (3) years:

| Title of Matter | Court/Agency | Date | Granted? |
|---|---|---|---|
| Landon Young and Heather Young v Chemguard, Inc. et al. | Maricopa County Superior Court | 3/22/2021 | Y |

10

11

12   Exhibit A, the original verified application and Exhibit B, the original Certificate(s) of Good
    Standing are attached hereto.
13
    DATED this 17th day of November 2021
14

15

16                                      Wendy Macias
                                        Resource Center Specialist
17                                      State Bar of Arizona

18

19   Original Mailed on this 17th day of November 2021 to:

20   Justin Blaine Caresia
    Baker & Hostetler LLP
21   811 MAIN ST STE 1100
    HOUSTON, TX 77002-6111

22

23

24

25

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
12/01/2021 2:56PM
BY: JDUTTON
DEPUTY

1  JUSTIN B. CARESIA (034007)
   BAKER & HOSTETLER LLP
2  811 Main Street, Suite 1100
   Houston, TX 77002
3  Telephone: 713.646.1358
   Facsimile: 713.751.1717
4  jcaresia@bakerlaw.com

5
   MATTHEW D. THURLOW
6  *(pro hac vice application pending)*
   RENEE M. KNUDSEN
7  *(pro hac vice application pending)*
   BAKER & HOSTETLER LLP
8  1050 Connecticut Avenue NW, Suite 1100
   Washington, D.C. 20036
9  mthurlow@bakerlaw.com
   rknudsen@bakerlaw.com
10

11 *Attorneys for Defendant Perimeter Solutions LP*

12           **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

13              **IN AND FOR THE COUNTY OF COCONINO**

14                                      **Case No. S0300CV202100277**
   WESLEY FORBACH and EVENSTAR A.
15 FORBACH, individually, and as husband
   and wife,                             **MOTION TO ASSOCIATE**
16                                       **MATTHEW D. THURLOW**
                  Plaintiffs,            **PRO HAC VICE**
17
   v.
18
   CHEMGUARD, INC., a Wisconsin
19 corporation; PERIMETER SOLUTIONS
   LP, a Delaware limited partnership; and
20 MATLICK ENTERPRISES, INC.,
   an Arizona corporation,
21
                  Defendants.
22

23

24

25

26

1    Justin B. Caresia, pursuant to Rule 39, Ariz. R. Sup. Ct., moves the Court to

2    associate Matthew D. Thurlow as counsel *pro hac vice* in this action. In support of this

3    motion and pursuant to Rule 39(a)(2)(E), the following original documents are attached:

4        1.    Verified Application to Appear Pro Hac Vice;

5        2.    Certificate(s) of Good Standing; and

6        3.    State Bar of Arizona Notice of Receipt of Complete Application.

7        Justin B. Caresia hereby agrees to serve as local counsel in this matter and accepts

8    the responsibilities detailed in Rule 39(a), Ariz. R. Sup. Ct.

9

10   DATED: December 1, 2021                Respectfully submitted,

11                                          */s/ Justin B. Caresia*
                                            _____
                                            JUSTIN B. CARESIA (034007)
12                                          BAKER & HOSTETLER LLP
                                            811 Main Street, Suite 1100
13                                          Houston, TX 77002
                                            Telephone: 713.646.1358
14                                          Facsimile: 713.751.1717
                                            jcaresia@bakerlaw.com
15

16                                          MATTHEW D. THURLOW
17                                          *(pro hac vice application pending)*
                                            RENEE M. KNUDSEN
18                                          *(pro hac vice application pending)*
                                            BAKER & HOSTETLER LLP
19                                          1050 Connecticut Ave. NW, Suite 1100
                                            Washington, D.C. 20036
20                                          mthurlow@bakerlaw.com
                                            rknudsen@bakerlaw.com
21

22                                          *Counsel for Perimeter Solutions LP*
23

24

25

26

2

The foregoing was e-filed and a copy of
the foregoing was delivered
this 1st day of December 2021, to:

Patrick J. McGroder III
Patrick J. McGroder IV
BEUS GILBERY MCGRODER PLLC
701 North 44th Street
Phoenix, AZ 85008
p3@beusgilbert.com
pjmiv@beusgilbert.com

Kerry Miller
Jason W. Burge
Danielle Teutonico
FISHMAN HAYGOOD LLP
201 St. Charles Ave., Floor 46
New Orleans, LA 70170
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com
*Attorneys for Plaintiffs*

Amy Levine Heiserman
Eric B. Johnson
QUARLES & BRADY LLP
Renaissance One
Two North Central Ave.
Phoenix, AZ 85004
amy.heiserman@quarles.com
eric.johnson@quarles.com
*Attorneys for Defendant Chemguard, Inc.*

Ellen Levy
RESNICK & LOUIS PC
8111 E. Indian Bend Rd.
Scottsdale, Arizona 85250
elevy@rlattorneys.com
*Attorney for Matlick Enterprises, Inc.*

*/s/ Justin B. Caresia*

Justin B. Caresia

3

JUSTIN B. CARESIA (034007)
BAKER & HOSTETLER LLP
811 Main Street, Suite 1100
Houston, TX 77002
Telephone: 713.646.1358
Facsimile: 713.751.1717
jcaresia@bakerlaw.com

MATTHEW D. THURLOW
(pro hac vice application pending)
RENEE M. KNUDSEN
(pro hac vice application pending)
BAKER & HOSTETLER LLP
1050 Connecticut Avenue NW, Suite 1100
Washington, D.C. 20036
mthurlow@bakerlaw.com
rknudsen@bakerlaw.com

Attorneys for Defendant Perimeter Solutions LP

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF COCONINO

| | |
|---|---|
| WESLEY FORBACH and EVENSTAR A. FORBACH, individually, and as husband and wife, | Case No. S0300CV202100277 |
| Plaintiffs, | **[PROPOSED] ORDER RE: MOTION TO ASSOCIATE RENEE M. KNUDSEN PRO HAC VICE** |
| v. | |
| CHEMGUARD, INC., a Wisconsin corporation; PERIMETER SOLUTIONS LP, a Delaware limited partnership; and MATLICK ENTERPRISES, INC., an Arizona corporation, | |
| Defendants. | |

Based on the Motion to Associate Counsel Pro Hac Vice of Justin B. Caresia and the consent of Justin B. Caresia to appear as local counsel, it is hereby ordered that Renee M. Knudsen be admitted *pro hac vice* as counsel for Defendant Perimeter Solutions, LP in this matter.

DATED this _____ day of _____, 2021.

_____

2



Attn: Pro Hac Vice Dept
P.O. Box 842699
Los Angeles, CA 90084-2699
Phone: 602-340-7239

For Official Use Only
App# 10 12 960
Bar Number# P2 31 883
CK #499990  DOS OD

Overnight or Hand Delivery:
4201 N. 24th St., Ste 100
Phoenix, AZ 85016-6266

## Application for Appearance Pro Hac Vice

**PART I: Applicant Information**

Name of Applicant: Renee Marie Knudsen

Firm/Company Name: Baker & Hostetler LLP

Office Address: 1050 Connecticut Avenue, NW, Suite 1100, Washington, DC, 20036

Telephone: (202) 861-1599      Fax: (202) 861-1783      Email Address: rknudsen@bakerlaw.com

Residence Address: 901 N. Monroe Street, #502, Arlington, VA, 22201

Title of cause or case where applicant seeks to appear: Forbach, et al. v. Chemguard, et al.

Docket Number: S0300CV202100277

Court, Board, or Administrative Agency: Coconino County Superior Court

Party on whose behalf applicant seeks to appear: Perimeter Solutions, LP

### Pursuant to Arizona Supreme Court Rule 39(a)(2), the applicant shall complete the information below:

| Courts to Which Applicant Has Been Admitted: (Attach additional pages if necessary) | Date of Admission: | Bar Number: |
| --- | --- | --- |
| Virginia | 12/7/2016 | 90846 |
| District of Columbia | 4/15/2019 | 1615689 |
| | | |
| | | |

☑ Applicant is a member in good standing in such courts.

☑ Applicant is not currently disbarred or suspended in any court.

Applicant ☐ is / ☑ is not **(select one)** currently subject to any pending disciplinary proceeding or investigation by any court, agency or organization authorized to discipline attorneys at law. If yes, specify the jurisdiction, nature of investigation and contact information of the disciplinary authority investigating on an additional page.

In the preceding three (3) years, applicant has filed applications to appear as counsel under Ariz. R. Sup. Ct., Rule 39(a) in the following:

| Title of Matter: | Docket #: | Court or Agency: | App Granted? (Y/N) |
| --- | --- | --- | --- |
| Young v. Chemguard et al | CV2020-17108 | Maricopa Cnty. Sup. Ct. | Yes |
| | | | |
| | | | |

This case or cause ☐ is / ☑ is not **(select one)** a related or consolidated matter for which applicant has previously applied to appear pro hac vice in Arizona. If this matter is a related or consolidated with any previous application, Applicant certifies that he/she will review and comply with appropriate rules of procedure as required in the underlying cause.
If applicable, please provide related or consolidated matter application or docket#

Revised 05/01/20

Page 2

**PART II: Local Counsel Information**

Name of Arizona Local Counsel: Justin B. Caresia

State Bar of Arizona Number: 034007

Address: 811 Main Street, Suite 1100, Houston, TX, 77002

Telephone: (713) 646-1358        Fax: (713) 751-1717        Email Address: jcaresia@bakerlaw.com

X Local Counsel is a member in good standing.

X Local Counsel associating with a nonresident attorney in a particular cause shall accept joint responsibility with the nonresident attorney to the client, to opposing parties and counsel, and to court, board, or administrative agency in that particular cause.

**PART III: Parties and Certification**
Name(s) of each party in this cause and name and address of all counsel of record:

| Party: | Counsel of Record: | Address: |
|---|---|---|
| Wesley Forbach; Evenstar A. Forbach | Patrick J. McGroder III | 701 North 44th Street, Phoenix, AZ 85008 |
| Chemguard, Inc. | Amy Levine Heiserman | Two North Central Ave. Phoenix, AZ 85004 |
| Matlick Enterprises, Inc. | Ellen Levy | 8111 E. Indian Bend Rd. Scottsdale, AZ 85250 |
| Perimeter Solutions, LP | Justin B. Caresia | 811 Main Street, Ste. 1100, Houston, TX, 77002 |

X Applicant is including with this application a nonrefundable application fee, payable to the State Bar of Arizona, in the amount of $505.00. Fifteen percent of the non-refundable application fee paid pursuant to this section shall be deposited into a civil legal services fund to be distributed by the Arizona Foundation for Legal Services and Education entirely to approved legal services organizations, as that term is defined in subparagraph (2)(c) of this rule.

X Applicant is furnishing a certificate from the state bar or from the clerk of the highest admitting court of each state, territory, or insular possession of the United States in which the nonresident attorney has been admitted to practice law certifying the nonresident attorney's date of admission to such jurisdiction and the current status of the nonresident attorney's membership or eligibility to practice therein. The certificate furnished shall be no more than forty-five (45) days old.

Applicant certifies the following:
1. Applicant shall be subject to the jurisdiction of the courts and agencies of the State of Arizona and to the State Bar of Arizona with respect to the law of this state governing the conduct of attorneys to the same extent as an active member of the State Bar of Arizona, as provided in Ariz. R. Sup. Ct. Rule 46(b).
2. Applicant will review and comply with appropriate rules of procedure as required in the underlying cause.
3. Applicant understands and shall comply with the standards of conduct required of members of the State Bar of Arizona.

## Verification

STATE OF        Michigan        )

County of        Washtenaw        ) ss.

I, Renee Marie Knudsen        , swear that all statements in the application are true, correct and complete to the best of my knowledge and belief.

Dated: 10/06/2021        Applicant's Signature: *Renee M. Knudsen*

SUBSCRIBED AND SWORN TO before me this _____ day of _____, 20____, by

_____.

Name of Applicant

_____

Notary Public

Revised 10/28/20

# COVID-19 Temporary Verification

This Form is intended to be a required supplement to State Bar of Arizona applications and certifications during the period of pandemic health advisories and the related emergency orders of the federal government, the Governor of Arizona, and the Supreme Court of Arizona. This unsworn declaration, under penalty of perjury, is to be submitted in lieu of a notarized verification pursuant to Arizona Rules of Civil Procedure, Rule 80(c).

State of ____**Michigan**____ )

County of ___**Washtenaw**___ } ss,

I, ___**Renee Marie Knudsen**___, a member of the State Bar of ___**DC and VA**___, submit this unsworn verification in support of my:

☐ Resignation of Membership

☑ Application for Appearance *Pro Hac Vice*

☐ Application for In-House Counsel certification

☐ Application for transfer to Inactive / Retired status

☐ Application for Reinstatement after Summary Suspension by the Board of Governors

I hereby declare and verify, under the penalty of perjury, that the foregoing information and that on the applicable application form is true and correct.

Dated: __**10/6/2021**__               *Renee M. Knudsen*

                                               Attorney signature



On behalf of JULIO A. CASTILLO, Clerk of the District of Columbia Court of Appeals,
the District of Columbia Bar does hereby certify that

*Renee Marie Knudsen*

was duly qualified and admitted on April 15, 2019 as an attorney and counselor entitled to
practice before this Court; and is, on the date indicated below, a(n)
ACTIVE member in good standing of this Bar.

**In Testimony Whereof,
I have hereunto subscribed my
name and affixed the seal of this
Court at the City of
Washington, D.C., on October
6, 2021.**

**JULIO A. CASTILLO
Clerk of the Court**

Issued By:
District of Columbia Bar Membership

For questions or concerns, please contact the D.C. Bar Membership Office at 202-626-3475 or email
memberservices@dcbar.org.

# Supreme Court of Virginia

### AT RICHMOND

## Certificate

I, Muriel-Theresa Pitney, Acting Clerk of the Supreme Court of Virginia,

do hereby certify that

### Renee Marie Knudsen

was admitted to practice as an attorney and counsellor at the bar of this Court on

December 7, 2016.

I further certify that so far as the records of this office are

concerned, Renee Marie Knudsen is a member of the bar of this Court in

good standing.

Witness my hand and seal of said Court

This 29th day of September

A.D. 2021

By: _____

*Deputy Clerk*

| 1 | **Coconino County Superior Court** |
|---|---|

2  Forbach, et al.,
      Plaintiff

3                                                    CASE # **S0300CV202100277**

4              v.                                    SBA App #1012960

5  Chemguard, et al.,
      Defendant.                                     **NOTICE OF RECEIPT OF COMPLETE**
                                                     **APPLICATION**

6

7  NOTICE IS HEREBY given by THE STATE BAR OF ARIZONA that it has <u>received the</u>
   <u>verified application and fee from Renee Marie Knudsen.</u>

8  In addition to this application, applicant has made the following applications to appear pro hac
   vice, pursuant to Rule 39, within the previous three (3) years:

9

| Title of Matter | Court/Agency | Date | Granted? |
|---|---|---|---|
| Young v Chemguard, et al. | Maricopa County Superior Court | 3/22/2021 | Y |

11

12  Exhibit A, the original verified application and Exhibit B, the original Certificate(s) of Good
    Standing are attached hereto.

13  DATED this 17th day of November 2021

14

15

                                          Wendy Macias
16                                        Resource Center Specialist
                                          State Bar of Arizona
17

18

19  Original Mailed on this 17th day of November 2021 to:

20  Justin Blaine Caresia
    Baker & Hostetler LLP
    811 MAIN ST STE 1100
21  HOUSTON, TX 77002-6111

22

23

24

25

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
12/01/2021 3:35PM
BY: JDUTTON
DEPUTY

1   JUSTIN B. CARESIA (034007)
    BAKER & HOSTETLER LLP
2   811 Main Street, Suite 1100
    Houston, TX 77002
3   Telephone: 713.646.1358
    Facsimile: 713.751.1717
4   jcaresia@bakerlaw.com

5   MATTHEW D. THURLOW
6   *(pro hac vice application pending)*
    RENEE M. KNUDSEN
7   *(pro hac vice application pending)*
    BAKER & HOSTETLER LLP
8   1050 Connecticut Avenue NW, Suite 1100
    Washington, D.C. 20036
9   mthurlow@bakerlaw.com
    rknudsen@bakerlaw.com
10

11  *Attorneys for Defendant Perimeter Solutions LP*

12          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

13              **IN AND FOR THE COUNTY OF COCONINO**

14                                          **Case No. S0300CV202100277**
    WESLEY FORBACH and EVENSTAR A.
15  FORBACH, individually, and as husband
    and wife,                               **MOTION TO ASSOCIATE**
16                                          **RENEE M. KNUDSEN**
                        Plaintiffs,         **PRO HAC VICE**
17
    v.
18
    CHEMGUARD, INC., a Wisconsin
19  corporation; PERIMETER SOLUTIONS
    LP, a Delaware limited partnership; and
20  MATLICK ENTERPRISES, INC.,
    an Arizona corporation,
21
                        Defendants.
22

23

24

25

26

1  Justin B. Caresia, pursuant to Rule 39, Ariz. R. Sup. Ct., moves the Court to

2  associate Renee M. Knudsen as counsel *pro hac vice* in this action. In support of this

3  motion and pursuant to Rule 39(a)(2)(E), the following original documents are attached:

4  1.  Verified Application to Appear Pro Hac Vice;

5  2.  Certificate(s) of Good Standing; and

6  3.  State Bar of Arizona Notice of Receipt of Complete Application.

7  Justin B. Caresia hereby agrees to serve as local counsel in this matter and accepts

8  the responsibilities detailed in Rule 39(a), Ariz. R. Sup. Ct.

9

10  DATED: December 1, 2021                    Respectfully submitted,

11                                             */s/ Justin B. Caresia*

12                                             JUSTIN B. CARESIA (034007)
                                               BAKER & HOSTETLER LLP
13                                             811 Main Street, Suite 1100
                                               Houston, TX 77002
14                                             Telephone: 713.646.1358
                                               Facsimile: 713.751.1717
15                                             jcaresia@bakerlaw.com

16

17                                             MATTHEW D. THURLOW
                                               *(pro hac vice application pending)*
18                                             RENEE M. KNUDSEN
                                               *(pro hac vice application pending)*
19                                             BAKER & HOSTETLER LLP
                                               1050 Connecticut Ave. NW, Suite 1100
20                                             Washington, D.C. 20036
                                               mthurlow@bakerlaw.com
21                                             rknudsen@bakerlaw.com

22

23                                             *Counsel for Perimeter Solutions LP*

24

25

26

2

The foregoing was e-filed and a copy of
the foregoing was delivered
this 1st day of December 2021, to:

Patrick J. McGroder III
Patrick J. McGroder IV
BEUS GILBERY MCGRODER PLLC
701 North 44th Street
Phoenix, AZ 85008
p3@beusgilbert.com
pjmiv@beusgilbert.com

Kerry Miller
Jason W. Burge
Danielle Teutonico
FISHMAN HAYGOOD LLP
201 St. Charles Ave., Floor 46
New Orleans, LA 70170
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com
*Attorneys for Plaintiffs*

Amy Levine Heiserman
Eric B. Johnson
QUARLES & BRADY LLP
Renaissance One
Two North Central Ave.
Phoenix, AZ 85004
amy.heiserman@quarles.com
eric.johnson@quarles.com
*Attorneys for Defendant Chemguard, Inc.*

Ellen Levy
RESNICK & LOUIS PC
8111 E. Indian Bend Rd.
Scottsdale, Arizona 85250
elevy@rlattorneys.com
*Attorney for Matlick Enterprises, Inc.*

*/s/ Justin B. Caresia*
Justin B. Caresia

3

**BEUS GILBERT MCGRODER PLLC**
ATTORNEYS AT LAW
701 NORTH 44TH STREET
PHOENIX, ARIZONA 85008
TELEPHONE (480) 429-3000
Patrick J. McGroder III (002598)
Patrick J. McGroder IV (030815)
p3@beusgilbert.com
pjmiv@beusgilbert.com

Kerry Miller, *pro hac pending*
Jason W. Burge, *pro hac pending*
Danielle Teutonico, *pro hac pending*
FISHMAN HAYGOOD LLP
201 St. Charles Ave., Floor 46
New Orleans, Louisiana 70170
Telephone: (504) 586-5252
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com
*Attorneys for Plaintiffs*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF COCONINO

| | |
|---|---|
| WESLEY FORBACH and EVENSTAR A. FORBACH, individually, and as husband and wife, | Case No. S0300CV202100277 |
| Plaintiffs, | (*PROPOSED*) **SCHEDULING ORDER** |
| v. | |
| CHEMGUARD, INC., a Wisconsin corporation; PERIMETER SOLUTIONS LP, a Delaware limited partnership; and MATLICK ENTERPRISES, INC., an Arizona corporation, | |
| Defendants. | |

UPON CONSIDERATION of the Parties' Proposed Scheduling Order, the Court orders as follows:

1    **1.    INITIAL DISCLOSURE:**  The Parties shall exchange Initial Disclosure Statements
2    on or before November 22, 2021.

3    **2.    EXPERT WITNESS DISCLOSURE:**    Plaintiff shall disclose the identity and
4    opinions of experts by September 15, 2022. Defendants shall disclose the identity and
5    opinions of their experts by October 17, 2022. Any rebuttal experts' opinions will be
6    disclosed by November 15, 2022.

7    **3.    LAY (NON-EXPERT) WITNESS DISCLOSURE:**  The parties shall disclose lay
8    witnesses by May 2, 2022, with ongoing disclosures per the rules and final disclosures
9    as stated herein.

10   **4.    FINAL SUPPLEMENTAL DISCLOSURE:**    Each party shall provide final
11   supplemental disclosure, including final supplementation of witnesses, exhibits,
12   disclosure statements, discovery responses, and medical literature to be used at trial,
13   whether for use on direct examination, cross-examination, or otherwise by December
14   15, 2022. This order does not replace the parties' obligation to seasonably disclose Rule
15   26.1 information on an ongoing basis and as it becomes available.

16   **No party shall use any lay witness, expert witness, expert opinion, or exhibit at**
17   **trial not disclosed in a timely manner, except under order of the Court for good**
18   **cause shown or upon a written or an on-the-record agreement of the parties.**

19   **5.    DISCOVERY DEADLINES:**

20   A.    The parties shall undertake discovery in two phases in this case.  Phase 1 shall
21        include discovery regarding the sales, purchases, and distribution of firefighting
22        foam products containing, or alleged to contain, per-and polyfluoroalkyl
23        substances ("PFAS") to the Flagstaff Fire Department, and discovery concerning
24        plaintiffs' allegations that Class A foams contain PFAS for purposes of

2

identifying the products at issue.  Phase 2 shall include discovery on all matters at issue in this case.  Notwithstanding the topics included in Phase 1 above, the Parties shall be entitled to conduct further discovery regarding the Defendants' general sales and distribution practices relating to firefighting foam during Phase 2.

B.     The parties will propound discovery undertaken pursuant to Rules 33, 34, 35, 36, and 45 for Phase 1 discovery by January 7, 2022.

C.     The parties will propound discovery undertaken pursuant to Rules 33, 34, 36, and 45 for Phase 2 discovery by August 5, 2022. The parties will propound all discovery undertaken pursuant to Rule 35 for Phase 2 discovery by August 31, 2022.

D.     The parties will complete the depositions of parties for Phase 1 discovery by March 15, 2022.

E.     The parties will complete the depositions of parties and lay witnesses for Phase 2 discovery by August 30, 2022.

F.     The parties will complete the depositions of expert witnesses by December 30, 2022.

G.     The parties will complete all other discovery by December 30, 2022 ("Complete discovery" includes conclusion of all depositions and supplementations of responses to written discovery).

**6.     PRIVATE MEDIATION:**  The parties agree to a private mediation by January 31, 2023.

3

**7.**    **DISPOSITIVE MOTIONS AND TRIAL:**

    A.    The parties shall file dispositive motions relating to Phase 1 of the case by June 1, 2022.

    B.    The parties shall file all dispositive motions by March 2, 2023.

    C.    The parties propose a trial date of no later than May 31, 2023.

    D.    The parties believe the trial will last ten (10) days.

**8.**    **TRIAL SETTING CONFERENCE**:

    A.    On March 20, 2023, or another time chosen by the Court, the Court will conduct a telephonic trial setting conference. Attorneys and self-represented parties shall have their calendars available for the conference.

    B.    Plaintiff will initiate the conference call by arranging for the presence of all other counsel and self-represented parties, and by calling this division at (602) 372-5945 at the scheduled time.

**9.**    **FIRM DATES:**

    A.    No stipulation of the parties that alters a filing deadline or a hearing date contained in this scheduling order will be effective without an order of this Court approving the stipulation.

    B.    Dates set forth in this order that govern court filings or hearings are firm dates, and may be modified only with this Court's consent and for good cause.

    C.    This Court ordinarily will not consider a lack of preparation good cause.

**10.**    **FURTHER ORDERS:**  The court further orders as follows:

Date: _____          _____

                                     Judge of the Superior Court

4

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
12/13/2021 11:14AM
BY: JDUTTON
DEPUTY

1

**BEUS GILBERT MCGRODER PLLC**
ATTORNEYS AT LAW

2
701 NORTH 44TH STREET
PHOENIX, ARIZONA  85008

3
TELEPHONE (480) 429-3000
Patrick J. McGroder III (002598)

4
Patrick J. McGroder IV (030815)
p3@beusgilbert.com

5
pjmiv@beusgilbert.com

6
Kerry Miller, *pro hac*
Jason W. Burge, *pro hac*

7
Danielle Teutonico, *pro hac*
FISHMAN HAYGOOD LLP

8
201 St. Charles Ave., Floor 46

9
New Orleans, Louisiana 70170
Telephone: (504) 586-5252

10
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com

11
dteutonico@fishmanhaygood.com
*Attorneys for Plaintiffs*

12

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

13

### IN AND FOR THE COUNTY OF COCONINO

14

15
WESLEY FORBACH and EVENSTAR A.
FORBACH, individually, and as husband

16
and wife,

No.  S-0300-CV-202100277

17
                    Plaintiffs,

**JOINT REPORT**

18
v.

19
CHEMGUARD, INC., a Wisconsin

20
corporation; PERIMETER SOLUTIONS LP,
a Delaware limited partnership; and MATLICK

21
ENTERPRISES, INC., an Arizona corporation,

22
                    Defendants.

23

24
        The parties signing below certify they have conferred about the matters set forth in

25
Rule 16(b)(2) and (c)(3) and that this case is not subject to the mandatory arbitration

1  provisions of Rule 72. The parties are submitting a Proposed Scheduling Order with this

2  Joint Report. Each date in the Joint Report and in the Proposed Scheduling Order includes a

3  calendar month, day, and year.

4  **1.     BRIEF DESCRIPTION OF THE CASE**:

5     Wesley Forbach is a firefighter for the Flagstaff Fire Department and has been

6  allegedly exposed to AFFF firefighting foams which contain PFAS, fluorinated synthetical

7  chemical compounds whose family includes PFOS and PFOA. After over a decade of service

8  with the Flagstaff Fire Department and alleged use of AFFF firefighting foams, Wesley was

9  diagnosed with testicular cancer with a tumor. Wesley underwent an orchiectomy removing

10  one of his testicles and, after that testicle tested positive for cancer, chemotherapy.

11     Plaintiffs are claiming that the defendants that both manufactured and distributed

12  AFFFs (hereinafter "Manufacturer Defendants," which include Chemguard, Inc. and

13  Perimeter Solutions LP and "Distributor Defendant," which includes Matlick Enterprises,

14  Inc. d/b/a United Fire Equipment Company) are liable to Plaintiffs under a strict products

15  liability theory. Plaintiffs also allege that the Manufacturer Defendants are liable to Plaintiffs

16  under a negligent failure to warn theory, negligent plan or design theory, and are liable to

17  Plaintiffs for punitive damages. Lastly, Plaintiffs allege loss of consortium claims against

18  Defendants on behalf of Evanstar A. Forbach, Wesley's wife. Defendants' dispute the

19  alleged liability, causation, and damages.

20  **2.     CURRENT CASE STATE**: The case was filed in state court on May 20, 2021.

21  Defense Counsel for Defendant Matlick Enterprises, Inc. d/b/a United Fire answered the

22  complaint on July 29, 2021. Defense Counsel for Defendant Perimeter Solutions LP

23  answered the complaint on September 10, 2021. Defense Counsel for Defendants

24  Chemguard, Inc. answered the complaint on October 11, 2021. Counsel for Plaintiffs served

25  initial disclosures on all parties on November 22, 2021. Counsel for Defendant Perimeter

2

Solutions LP served initial disclosures on all parties on October 11, 2021. Counsel for Defendants Chemguard, Inc. and Counsel for Matlick Enterprises, Inc. served their initial disclosures on all parties on November 10, 2021.

**3.** **AMENDMENTS**:   The parties do not anticipate filing an amendment to any pleadings adding a new party to the case.

**4.** **SETTLEMENT**:  The parties agree to engage in a mediation with a private mediator. The parties will be ready for a private mediation by January 31, 2023.

**5.** **READINESS**:  This case will be ready for trial by March 20, 2023.

**6.** **JURY**:  A trial by jury is demanded.

**7.** **LENGTH OF TRIAL**:  The estimated length of trial is ten **(10)** days.

**8.** **PREFERENCE**: This case is not entitled to a preference for trial.

**9.** **SPECIAL REQUIREMENTS**:   The parties will not require disability accommodations or an interpreter.

**10.** **SCHEDULING CONFERENCE**: The parties do not request a Rule 16(d) scheduling conference.

**11.** **OTHER MATTERS**:  There are no other matters the parties wish to bring to the Court's attention that may affect management of this case.

**ITEMS UPON WHICH THE PARTIES DO NOT AGREE**: _____.

DATED this 13th day of December, 2021.

**BEUS GILBERT MCGRODER PLLC**

By /s/ Patrick J. McGroder III _____
  Patrick J. McGroder III
  Alex Morris
  Patrick J. McGroder IV

3

**FISHMAN HAYGOOD LLP**

Kerry J. Miller
Jason W. Burge
Danielle Teutonico
*Attorneys for Plaintiffs*

**BAKERHOSTETLER**

By: /s/ Matthew D. Thurlow *w/permission*
Matthew D. Thurlow
*Attorneys for Defendant Perimeter Solutions, LP*

**QUARLES & BRADY, LLP**

By: /s/ Eric B. Johnson *w/permission*
Eric B. Johnson
*Attorneys for Defendant Chemguard, Inc.*

**RESNICK & LOUIS, P.C.**

By:/s/Sharon A. Briggs *w/permission*
Sharon A. Briggs
*Attorneys for Defendant Matlick Enterprises, Inc.*

Efiled this 13th day of December, 2021, with a copy sent via the TurboCourt eservice system to:

Honorable Valerie Wyant
Clerk of the Superior Court
200 N San Francisco Street
Flagstaff, AZ 86001

/s/ Deborah A. Francis

851297

4

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
12/17/2021  3:02PM
BY: JDUTTON
DEPUTY

1  JUSTIN B. CARESIA (034007)
   BAKER & HOSTETLER LLP
2  811 Main Street, Suite 1100
   Houston, TX 77002
3  Telephone: 713.646.1358
   Facsimile: 713.751.1717
4  jcaresia@bakerlaw.com

5
   MATTHEW D. THURLOW
6  *(pro hac vice application pending)*
   RENEE M. KNUDSEN
7  *(pro hac vice application pending)*
   BAKER & HOSTETLER LLP
8  1050 Connecticut Avenue NW, Suite 1100
   Washington, D.C. 20036
9  mthurlow@bakerlaw.com
   rknudsen@bakerlaw.com
10
11 *Attorneys for Defendant Perimeter Solutions LP*

12          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

13              **IN AND FOR THE COUNTY OF COCONINO**

14                                          **Case No. CV2021-00277**

15 WESLEY FORBACH and EVENSTAR A.
   FORBACH, individually, and as husband
   and wife,                                **ORDER RE: MOTION TO**
16                                          **ASSOCIATE MATTHEW D.**
                                            **THURLOW PRO HAC VICE**
17              Plaintiffs,

18 v.

19 CHEMGUARD, INC., a Wisconsin
   corporation; PERIMETER SOLUTIONS
20 LP, a Delaware limited partnership; and
   MATLICK ENTERPRISES, INC.,
21 an Arizona corporation,

22              Defendants.

23

24

25

26

1       Based on the Motion to Associate Counsel Pro Hac Vice of Justin B. Caresia and

2 the consent of Justin B. Caresia to appear as local counsel, it is hereby ordered that

3 Matthew D. Thurlow be admitted *pro hac vice* as counsel for Defendant Perimeter

4 Solutions, LP in this matter.

5

6 DATED this December 17, 2021

7

8 _____

9 Hon. Ted S. Reed

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

2

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
12/17/2021 3:05PM
BY: JDUTTON
DEPUTY

1  JUSTIN B. CARESIA (034007)
   BAKER & HOSTETLER LLP
2  811 Main Street, Suite 1100
   Houston, TX 77002
3  Telephone: 713.646.1358
   Facsimile: 713.751.1717
4  jcaresia@bakerlaw.com

5
   MATTHEW D. THURLOW
6  *(pro hac vice application pending)*
   RENEE M. KNUDSEN
7  *(pro hac vice application pending)*
   BAKER & HOSTETLER LLP
8  1050 Connecticut Avenue NW, Suite 1100
   Washington, D.C. 20036
9  mthurlow@bakerlaw.com
   rknudsen@bakerlaw.com
10

11 *Attorneys for Defendant Perimeter Solutions LP*

12        **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

13            **IN AND FOR THE COUNTY OF COCONINO**

14                                          **Case No. CV2021-00277**
   WESLEY FORBACH and EVENSTAR A.
15 FORBACH, individually, and as husband
   and wife,                               **ORDER RE: MOTION TO**
16                                          **ASSOCIATE RENEE M. KNUDSEN**
              Plaintiffs,                   **PRO HAC VICE**
17
18 v.

19 CHEMGUARD, INC., a Wisconsin
   corporation; PERIMETER SOLUTIONS
20 LP, a Delaware limited partnership; and
   MATLICK ENTERPRISES, INC.,
21 an Arizona corporation,

22            Defendants.

23
24
25
26

1        Based on the Motion to Associate Counsel Pro Hac Vice of Justin B. Caresia and

2  the consent of Justin B. Caresia to appear as local counsel, it is hereby ordered that Renee

3  M. Knudsen be admitted *pro hac vice* as counsel for Defendant Perimeter Solutions, LP

4  in this matter.

5

6  DATED this December 17, 2021.

7

8



9                        Hon. Ted S. Reed

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26



FILED
Valerie Wyant
CLERK, SUPERIOR COURT
01/05/2022  3:28PM
BY: LECLARK
        DEPUTY

1  Lincoln Combs, Esq. – State Bar #025080
2  **O'STEEN & HARRISON, PLC**
   300 W. Clarendon Ave., Suite 400
3  Phoenix, Arizona 85013-3424
   (602) 252-8888
4  (602) 274-1209 FAX
5  lcombs@vanosteen.com

6  Kerry Miller, *pro hac vice pending*
   Jason W. Burge, *pro hac vice pending*
7  Danielle Teutonico, *pro hac vice pending*
8  **FISHMAN HAYGOOD LLP**
   201 St. Charles Ave., Floor 46
9  New Orleans, Louisiana 70170
   Telephone: (504) 586-5252
10 Facsimile: (504) 586-5250
11 kmiller@fishmanhaygood.com
   jburge@fishmanhaygood.com
12 dteutonico@fishmanhaygood.com
   *Attorneys for Plaintiff*
13

14      **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
            IN AND FOR THE COUNTY OF COCONINO**
15

16 WESLEY FORBACH and EVENSTAR          Case No. S-0300-CV-202100277
   A. FORBACH, individually, and as
17 husband and wife,
                                        **NOTICE OF SUBSTITION OF
18           Plaintiffs,                COUNSEL FOR PLAINTIFFS**

19 v.                                   (Assigned to the Hon. Ted Reed)

20 CHEMGUARD, INC., a Wisconsin
21 corporation; PERIMETER SOLUTIONS
   LP, a Delaware limited partnership; and
22 MATLICK ENTERPRISES, INC., an
   Arizona corporation,
23
24           Defendants.

25

26      Plaintiffs, by and through undersigned counsel, hereby give notice of the substitution of

   counsel. Lincoln Combs of the firm O'Steen & Harrison, PLC is replacing Patrick J. McGroder

III and Patrick J. McGroder IV of the firm Beus Gilbert McGroder PLLC as counsel on behalf

of Plaintiffs, joining Plaintiffs' current counsel. Notices for Mr. Combs can be sent to:

Lincoln Combs, Esq.
O'STEEN & HARRISON, PLC
300 W. Clarendon Ave., Suite 400
Phoenix, Arizona 85013-3424
lcombs@vanosteen.com
klane@vanosteen.com

DATED this 5th day of January, 2022.

**O'STEEN & HARRISON, PLC**

_____
Lincoln Combs
300 W. Clarendon Ave., Suite 400
Phoenix, Arizona 85013-3424

**FISHMAN HAYGOOD LLP**
Kerry J. Miller
Jason W. Burge
Danielle Teutonico
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170-4600
*Attorneys for Plaintiff*

**ORIGINAL** of the foregoing e-filed
this 5th day of January, 2022 with:

TurboCourt.com
Clerk of the Court
Coconino County Superior Court

O'STEEN HARRISON
ATTORNEYS AT LAW

1    **COPY** of the foregoing e-mailed
this 5th day of January, 2022 to:
2

3    The Honorable Ted Reed
Coconino County Superior Court
4

5    **COPY** of the foregoing e-served
this 5th day of January, 2022 to:
6

7    **BAKER & HOSTETLER, LLP**
Justin B. Caresia
8    811 Main Street, Suite 1100
9    Houston, TX 77002
Telephone: 713.646.1358
10   Facsimile: 713.751.1717
11   jcaresia@bakerlaw.com

12   Matthew Thurlow
Renee Knudsen
13   1050 Connecticut Avenue NW, Suite 1100
Washington, D.C. 20036
14   mthurlow@bakerlaw.com
15   rknudsen@bakerlaw.com
*Attorneys for Defendant Perimeter Solutions, LP*
16

17   **QUARLES & BRADY, LLP**
Eric Johnson
18   Amy Levine Heiserman
Renaissance One
19   Two North Central Avenue
20   Phoenix, AZ 85004-2391
602.229.5200
21   eric.johnson@quarles.com
Amy.Heiserman@quarles.com
22   *Attorneys for Defendant Chemguard, Inc.*

23   **RESNICK & LOUIS**
24   Sharon A. Briggs
8111 E. Indian Bend Road
25   Scottsdale, Arizona 85250
(602) 456-6776
26   (602) 456-6256 FAX

1   sbriggs@rlattorneys.com
    *Attorneys for Defendant Matlick Enterprises, Inc.*
2

3
    By /s/ *Kat Lane*
4

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
01/29/2022  7:31AM
BY: JDUTTON
       DEPUTY

1

**BEUS GILBERT MCGRODER PLLC**
ATTORNEYS AT LAW
2    701 NORTH 44TH STREET
PHOENIX, ARIZONA  85008
3    TELEPHONE (480) 429-3000
Patrick J. McGroder III (002598)
4    Patrick J. McGroder IV (030815)
p3@beusgilbert.com
5    pjmiv@beusgilbert.com

6    Kerry Miller, *pro hac pending*
Jason W. Burge, *pro hac pending*
7    Danielle Teutonico, *pro hac pending*
FISHMAN HAYGOOD LLP
8    201 St. Charles Ave., Floor 46
New Orleans, Louisiana 70170
9    Telephone: (504) 586-5252
kmiller@fishmanhaygood.com
10   jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com
11   *Attorneys for Plaintiffs*

12              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

13                   **IN AND FOR THE COUNTY OF COCONINO**

14

15   WESLEY FORBACH and EVENSTAR A.
     FORBACH, individually, and as husband          Case No. CV2021-00277
16   and wife,

17                Plaintiffs,                        **SCHEDULING ORDER**

18   v.

19   CHEMGUARD, INC., a Wisconsin
20   corporation; PERIMETER SOLUTIONS LP,
     a Delaware limited partnership; and MATLICK
21   ENTERPRISES, INC., an Arizona corporation,

22                Defendants.

23

24          UPON CONSIDERATION of the Parties' Proposed Scheduling Order, the Court

25   orders as follows:

1. **INITIAL DISCLOSURE:** The Parties shall exchange Initial Disclosure Statements on or before November 22, 2021.

2. **EXPERT WITNESS DISCLOSURE:** Plaintiff shall disclose the identity and opinions of experts by September 15, 2022. Defendants shall disclose the identity and opinions of their experts by October 17, 2022. Any rebuttal experts' opinions will be disclosed by November 15, 2022.

3. **LAY (NON-EXPERT) WITNESS DISCLOSURE:** The parties shall disclose lay witnesses by May 2, 2022, with ongoing disclosures per the rules and final disclosures as stated herein.

4. **FINAL SUPPLEMENTAL DISCLOSURE:** Each party shall provide final supplemental disclosure, including final supplementation of witnesses, exhibits, disclosure statements, discovery responses, and medical literature to be used at trial, whether for use on direct examination, cross-examination, or otherwise by December 15, 2022. This order does not replace the parties' obligation to seasonably disclose Rule 26.1 information on an ongoing basis and as it becomes available.

   **No party shall use any lay witness, expert witness, expert opinion, or exhibit at trial not disclosed in a timely manner, except under order of the Court for good cause shown or upon a written or an on-the-record agreement of the parties.**

5. **DISCOVERY DEADLINES:**

   A. The parties shall undertake discovery in two phases in this case. Phase 1 shall include discovery regarding the sales, purchases, and distribution of firefighting foam products containing, or alleged to contain, per-and polyfluoroalkyl substances ("PFAS") to the Flagstaff Fire Department, and discovery concerning plaintiffs' allegations that Class A foams contain PFAS for purposes of

2

identifying the products at issue. Phase 2 shall include discovery on all matters at issue in this case. Notwithstanding the topics included in Phase 1 above, the Parties shall be entitled to conduct further discovery regarding the Defendants' general sales and distribution practices relating to firefighting foam during Phase 2.

B. The parties will propound discovery undertaken pursuant to Rules 33, 34, 35, 36, and 45 for Phase 1 discovery by January 7, 2022.

C. The parties will propound discovery undertaken pursuant to Rules 33, 34, 36, and 45 for Phase 2 discovery by August 5, 2022. The parties will propound all discovery undertaken pursuant to Rule 35 for Phase 2 discovery by August 31, 2022.

D. The parties will complete the depositions of parties for Phase 1 discovery by March 15, 2022.

E. The parties will complete the depositions of parties and lay witnesses for Phase 2 discovery by August 30, 2022.

F. The parties will complete the depositions of expert witnesses by December 30, 2022.

G. The parties will complete all other discovery by December 30, 2022 ("Complete discovery" includes conclusion of all depositions and supplementations of responses to written discovery).

6. **PRIVATE MEDIATION:** The parties agree to a private mediation by January 31, 2023.

**7.  DISPOSITIVE MOTIONS AND TRIAL:**

 A. The parties shall file dispositive motions relating to Phase 1 of the case by June 1, 2022.

 B. The parties shall file all dispositive motions by March 2, 2023.

 C. The parties propose a trial date of no later than May 31, 2023.

 D. The parties believe the trial will last ten (10) days.

**8.  CASE MANAGEMENT CONFERENCE**

 A Case Management Conference is set **on April 18, 2022 at 1:45 p.m., via Zoom**. Parties shall appear with the following Zoom link:

 https://zoom.us/j/98284682810

Meeting ID: 982 8468 2810

**9.  FIRM DATES:**

 A. No stipulation of the parties that alters a filing deadline or a hearing date contained in this scheduling order will be effective without an order of this Court approving the stipulation.

 B. Dates set forth in this order that govern court filings or hearings are firm dates, and may be modified only with this Court's consent and for good cause.

 C. This Court ordinarily will not consider a lack of preparation good cause.

**10.  FURTHER ORDERS:**  The court further orders as follows:


Date: January 29, 2022.



Judge of the Superior Court

4

1

**BEUS GILBERT MCGRODER PLLC**
ATTORNEYS AT LAW

2
701 NORTH 44TH STREET
PHOENIX, ARIZONA  85008

3
TELEPHONE (480) 429-3000

4
Patrick J. McGroder III (002598)
Patrick J. McGroder IV (030815)

5
p3@beusgilbert.com
pjmiv@beusgilbert.com

6

7
Kerry Miller, *pro hac pending*
Jason W. Burge, *pro hac pending*

8
Danielle Teutonico, *pro hac pending*
FISHMAN HAYGOOD LLP

9
201 St. Charles Ave., Floor 46
New Orleans, Louisiana 70170

10
Telephone: (504) 586-5252
kmiller@fishmanhaygood.com

11
jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com

12

13
*Attorneys for Plaintiffs*

14
**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

15
**IN AND FOR THE COUNTY OF COCONINO**

16
WESLEY FORBACH and EVENSTAR A.
FORBACH, individually, and as husband and

17
wife;

No. S0300CV202100277

18
Plaintiffs,

**[PROPOSED] ORDER TO WITHDRAW AS COUNSEL FOR PLAINTIFFS**

19
v.

20
CHEMGUARD, INC.; A Wisconsin corporation;

(Honorable Ted Reed)

21
PERIMETER SOLUTIONS LP, a Delaware
limited partnership; and MATLICK

22
ENTERPRISES, INC. an Arizona corporation,

23
Defendants.

24

25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Having considered the Motion to Withdraw filed by attorneys Patrick J. McGroder III and Patrick J. McGroder IV, and finding no prejudice to their clients,

**IT IS HEREBY ORDERED** granting the Motion to Withdraw pursuant to Arizona Rule of Civil Procedure 5.3(2)(B)(ii).

Attorneys Patrick J. McGroder III and Patrick J. McGroder IV are hereby withdrawn from this case.

DATED this _____ day of _____, 2022.


_____
Honorable Ted Reed

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
02/14/2022 2:39PM
BY: JDUTTON
DEPUTY

1

**BEUS GILBERT MCGRODER PLLC**
ATTORNEYS AT LAW

2

701 NORTH 44TH STREET
PHOENIX, ARIZONA 85008

3

TELEPHONE (480) 429-3000

4

Patrick J. McGroder III (002598)
Patrick J. McGroder IV (030815)

5

p3@beusgilbert.com
pjmiv@beusgilbert.com

6

Kerry Miller, *pro hac pending*

7

Jason W. Burge, *pro hac pending*
Danielle Teutonico, *pro hac pending*

8

FISHMAN HAYGOOD LLP
201 St. Charles Ave., Floor 46

9

New Orleans, Louisiana 70170
Telephone: (504) 586-5252

10

kmiller@fishmanhaygood.com

11

jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com

12

*Attorneys for Plaintiffs*

13

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

14

## IN AND FOR THE COUNTY OF COCONINO

15

16

WESLEY FORBACH and EVENSTAR A.
FORBACH, individually, and as husband and
wife;

No. S0300CV202100277

17

18

Plaintiffs,

**MOTION TO WITHDRAW AS
COUNSEL FOR PLAINTIFFS**

19

v.

20

CHEMGUARD, INC.; A Wisconsin corporation;
PERIMETER SOLUTIONS LP, a Delaware

21

limited partnership; and MATLICK
ENTERPRISES, INC. an Arizona corporation,

22

Defendants.

23

24

25

Pursuant to Rule Pursuant to Rule 5.3(a)(2)(B)(ii) of the Arizona Rules of Civil Procedure, Patrick J. McGroder III and Patrick J. McGroder IV of Beus Gilbert McGroder PLLC, through undersigned counsel, hereby submits this Motion to Withdraw as counsel of record for Plaintiffs, Wesley Forbach and Evenstar A. Forbach in the above-captioned matter.

Withdrawal is appropriate because the Plaintiffs have associated new legal co-counsel, Lincoln Combs of the firm of O'Steen & Harrison, PLC who has entered an appearance by filing a Notice of Substitution of Counsel on January 5, 2022 with the Court with Plaintiffs approval.   Fishman Haygood, LLP will continue to remain as plaintiffs' counsel.

For the foregoing reasons, undersigned counsel requests this Court grant this Motion to Withdraw as Attorney of Record for the Plaintiffs.

DATED this 14th day of February, 2022.

**BEUS GILBERT MCGRODER PLLC**


By */s/ Patrick J. McGroder III*
    Patrick J. McGroder III
    Patrick J. McGroder IV

The foregoing E-filed and COPY
of the foregoing delivered "via eFiling system"
this 14th  day of February, 2022, to:

Copies emailed this 14th day of February,
2022, to:

Kerry Miller
Jason W. Burge
Danielle Teutonico
FISHMAN HAYGOOD LLP
201 St. Charles Ave., Floor 46
New Orleans, Louisiana 70170
*Attorneys for Plaintiffs*

2

1  Lincoln Combs, Esq. – State Bar #025080
   O'STEEN & HARRISON, PLC
2  300 W. Clarendon Ave., Suite 400
   Phoenix, Arizona 85013-3424
3  *Attorneys for Plaintiffs*

4  Justin B. Caresia
   BAKER & HOSTETLER, LLP
5  811 Main Street, Suite 1100
   Houston, TX 77002
6  jcaresia@bakerlaw.com

7  Matthew Thurlow
8  Renee Knudsen
   1050 Connecticut Avenue NW, Suite 1100
9  Washington, D.C. 20036
   mthurlow@bakerlaw.com
10 rknudsen@bakerlaw.com
   *Attorneys for Defendant Perimeter Solutions, LP*

11
   Eric Johnson
12 Amy Levine Heiserman
   QUARLES & BRADY, LLP
13 Renaissance One
   Two North Central Avenue
14 Phoenix, AZ 85004-2391
   eric.johnson@quarles.com
15 Amy.Heiserman@quarles.com
   *Attorneys for Defendant Chemguard, Inc.*
16
17 Sharon A. Briggs
   RESNICK & LOUIS
18 8111 E. Indian Bend Road
   Scottsdale, Arizona 85250
19 sbriggs@rlattorneys.com
   *Attorneys for Defendant Matlick Enterprises, Inc.*

20
   */s/ Deborah A. Francis*
21

22

23

24

25

3

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
02/17/2022 11:17AM
BY: JDUTTON
DEPUTY

1

**BEUS GILBERT MCGRODER PLLC**
ATTORNEYS AT LAW

2

701 NORTH 44TH STREET
PHOENIX, ARIZONA 85008

3

TELEPHONE (480) 429-3000

4

Patrick J. McGroder III (002598)
Patrick J. McGroder IV (030815)

5

p3@beusgilbert.com
pjmiv@beusgilbert.com

6

7

Kerry Miller, *pro hac pending*
Jason W. Burge, *pro hac pending*
Danielle Teutonico, *pro hac pending*

8

FISHMAN HAYGOOD LLP
201 St. Charles Ave., Floor 46

9

New Orleans, Louisiana 70170
Telephone: (504) 586-5252

10

kmiller@fishmanhaygood.com

11

jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com

12

*Attorneys for Plaintiffs*

13

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

14

**IN AND FOR THE COUNTY OF COCONINO**

15

16

WESLEY FORBACH and EVENSTAR A.
FORBACH, individually, and as husband and
wife;

No. CV2021-00277

17

18

Plaintiffs,

**ORDER TO WITHDRAW AS
COUNSEL FOR PLAINTIFFS**

19

v.

(Honorable Ted Reed)

20

CHEMGUARD, INC.; A Wisconsin corporation;
PERIMETER SOLUTIONS LP, a Delaware
limited partnership; and MATLICK

21

ENTERPRISES, INC. an Arizona corporation,

22

Defendants.

23

24

Having considered the Motion to Withdraw filed by attorneys Patrick J.

25

McGroder III and Patrick J. McGroder IV, and finding no prejudice to their clients,

1    **IT IS HEREBY ORDERED** granting the Motion to Withdraw pursuant to

2    Arizona Rule of Civil Procedure 5.3(2)(B)(ii).

3    Attorneys Patrick J. McGroder III and Patrick J. McGroder IV are hereby

4    withdrawn from this case.

5    DATED this February 17, 2022

6    _____

7    Honorable Ted Reed

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

2

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
03/10/2022 6:14PM
BY: JDUTTON
DEPUTY

**Quarles & Brady LLP**
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391

Eric B. Johnson (#020512)
eric.johnson@quarles.com
Amy Levine Heiserman (#032486)
Amy.Heiserman@quarles.com

*Attorneys for Defendant Chemguard, Inc.*

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF COCONINO

| | |
|---|---|
| WESLEY FORBACH, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CHEMGUARD, INC., *et al.*,<br><br>Defendants. | Case No. S-0300-CV-202100277<br><br>**DEFENDANT CHEMGUARD,<br>INC.'S NOTICE OF NON-PARTIES<br>AT FAULT** |

Pursuant to Arizona Rule of Civil Procedure 26(b)(5) and Arizona Revised Statues Section 12-2506(B), Defendant Chemguard, Inc. provides notice that the following individuals or entities may be wholly or partially at fault for the damages alleged by Plaintiffs. Discovery is ongoing and further investigation is continuing at this time, which may bring to light additional information regarding other non-parties at fault. Chemguard reserves the right to amend, supplement, or otherwise modify this disclosure. The following non-parties may be wholly or partially at fault:

1.     Individuals or entities, including those not yet identified, that sold products to Plaintiffs, the City of Flagstaff, the Flagstaff Fire Department, or any other employer of Plaintiffs that may have caused or contributed to their purported injuries.

1

2.  Individuals or entities, including those not yet identified, with a duty to warn Plaintiffs that failed to provide adequate instructions or warnings related to the potential risks associated with the products that may have caused or contributed to Plaintiffs' alleged injuries.

3.  Individuals or entities, including those not yet identified, that altered or modified the products that may have caused or contributed to Plaintiffs' alleged injuries.

4.  Plaintiff Wesley Forbach's current or former employers, including but not limited to the Flagstaff Fire Department.

5.  City or government entities, including the Arizona Department of Environmental Quality, the Flagstaff Fire Department, and other fire departments near Flagstaff, Arizona.

6.  Flagstaff Pulliam Airport or other facilities currently or previously monitored, controlled, or operated by the United States.

7.  Private or public water treatment plants or water companies, including but not limited to the Flagstaff Water Department, City of Flagstaff, Arizona Water Company, EPCOR Water Company, Doney Park Water, City of Flagstaff Water Services, Kachina Village Utility, and Ponderosa Utility Corporation.

8.  Owners or operators of flood irrigation facilities.

9.  Without waiving any objection, any medical providers that may have provided negligent treatment to Plaintiff Wesley Forbach.

10. Without waiving any objection, any individual or entity named by any other defendant in this matter as a potential non-party at fault.

11. Without waiving any objection, any named party or co-defendant is dismissed from this lawsuit.

QB\51\0241.00089\729419101.1

1    12.    Without waiving any objection, any named party or co-defendant that settles

2        with Plaintiffs before trial.

3        Chemguard reserves the right to amend or supplement this notice of non-parties at

4    fault as it continues its investigation.

5        RESPECTFULLY SUBMITTED this 10th day of March, 2022.

6

7        By: _/s/ Amy Levine Heiserman_
                Eric B. Johnson
8                Amy Levine Heiserman
                Quarles & Brady, LLP
9                Renaissance One
                Two North Central Avenue
10               Phoenix, AZ  85004-2391

11        *Counsel for Chemguard, Inc.*

12    **EFILED** with the Clerk of the Court and a **COPY** mailed and e-mailed this 10th day of
13    March, 2022 to:

14    Patrick J. McGroder III (002598)
    Patrick J. McGroder IV (030815)
15    BEUS GILBERT MCGRODER PLLC
    701 North 44th Street
16    Phoenix, Arizona 85008-6504
    p3@beusgilbert.com
17    pjmiv@beusgilbert.com

18    Kerry Miller
    Jason W. Burge
19    Danielle Teutonico
    FISHMAN HAYGOOD LLP
20    201 St. Charles Ave., Floor 46
    New Orleans, Louisiana 70170
21    kmiller@fishmanhaygood.com
    jburge@fishmanhaygood.com
22    dteutonico@fishmanhaygood.com

23    *Counsel for Plaintiffs*

24    / / /

25    / / /

26

5

QB\51\241.00089\72941910.1

1    Matthew D. Thurlow
    Renee Knudsen
2    Claire Pena
    BAKER & HOSTETLER LLP
3    1050 Connecticut Avenue, N.W., Suite 1100
    Washington, D.C.  20036
4    mthurlow@bakerlaw.com
    rknudsen@bakerlaw.com
5    cpena@bakerlaw.com
    tpetre@bakerlaw.com
6    *Counsel for Perimeter Solutions, LP*

7    Ellen Levy
    RESNICK & LOUIS PC
8    8111 E. Indian Bend Rd.
    Scottsdale, Arizona  85250
9    elevy@rlattorneys.com
    *Counsel for Matlick Enterprises, Inc.*

10

11    */s/ Kim Simmons*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
03/11/2022 10:09AM
BY: JDUTTON
DEPUTY

1  JUSTIN B. CARESIA (034007)
   BAKER & HOSTETLER LLP
2  811 Main Street, Suite 1100
   Houston, TX 77002
3  Telephone: 713.646.1358
   Facsimile: 713.751.1717
4  jcaresia@bakerlaw.com

5  MATTHEW D. THURLOW
6  *(admitted pro hac vice)*
   RENEE M. KNUDSEN
7  *(admitted pro hac vice)*
   BAKER & HOSTETLER LLP
8  1050 Connecticut Avenue NW, Suite 1100
   Washington, D.C. 20036
9  mthurlow@bakerlaw.com
   rknudsen@bakerlaw.com
10

11 *Attorneys for Defendant Perimeter Solutions LP*

12        **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

13           **IN AND FOR THE COUNTY OF COCONINO**

14                                      | **Case No. S0300CV202100277**
   WESLEY FORBACH and EVENSTAR A.
15 FORBACH, individually, and as husband
   and wife,                             **JOINDER IN DEFENDANT
16                                       CHEMGUARD, INC.'S NOTICE OF
                 Plaintiffs,             NON-PARTIES AT FAULT**
17
   v.
18
   CHEMGUARD, INC., a Wisconsin
19 corporation; PERIMETER SOLUTIONS
   LP, a Delaware limited partnership; and
20 MATLICK ENTERPRISES, INC.,
   an Arizona corporation,
21
                 Defendants.
22

23

24

25

26

1    Pursuant to Arizona Rules of Civil Procedure 26(b)(5) and A.R.S. § 12-2506(B),

2  Defendant Perimeter Solutions LP ("Perimeter Solutions") hereby joins and adopts as

3  though fully set forth herein the Notice of Non-Parties at Fault dated March 10, 2022,

4  filed by Defendant Chemguard, Inc.

5    Perimeter Solutions reserves the right to identify additional non-parties at fault

6  until it has the opportunity to complete its investigation and discovery concludes.

7

8  DATED: March 11, 2022                    Respectfully submitted,

9                                           /s/ Justin B. Caresia

10                                          JUSTIN B. CARESIA (034007)
                                            BAKER & HOSTETLER LLP
11                                          811 Main Street, Suite 1100
                                            Houston, TX 77002
12                                          Telephone: 713.646.1358
                                            Facsimile: 713.751.1717
13                                          jcaresia@bakerlaw.com

14
                                            MATTHEW D. THURLOW
15                                          (pro hac vice application pending)
                                            RENEE M. KNUDSEN
16                                          (pro hac vice application pending)
                                            BAKER & HOSTETLER LLP
17                                          1050 Connecticut Ave. NW, Suite 1100
                                            Washington, D.C. 20036
18                                          mthurlow@bakerlaw.com
                                            rknudsen@bakerlaw.com
19

20
                                            Counsel for Perimeter Solutions LP
21

22

23

24

25

26

The foregoing was e-filed and a copy of
the foregoing was delivered
this 11th day of March 2022, to:

Lincoln Combs
O'STEEN & HARRISON, PLC
300 W. Clarendon Ave., Suite 400
Phoenix, AZ 85013
lcombs@vanosteen.com
*Attorney for Plaintiffs*

Kerry Miller
Jason W. Burge
Danielle Teutonico
FISHMAN HAYGOOD LLP
201 St. Charles Ave., Floor 46
New Orleans, LA 70170
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com
*Attorneys for Plaintiffs*

Amy Levine Heiserman
Eric B. Johnson
QUARLES & BRADY LLP
Renaissance One
Two North Central Ave.
Phoenix, AZ 85004
amy.heiserman@quarles.com
eric.johnson@quarles.com
*Attorneys for Defendant Chemguard, Inc.*

Ellen Levy
RESNICK & LOUIS PC
8111 E. Indian Bend Rd.
Scottsdale, Arizona 85250
elevy@rlattorneys.com
*Attorney for Matlick Enterprises, Inc.*

/s/ *Justin B. Caresia*

Justin B. Caresia

3